## GULF, COLORADO & SANTA FE RAILWAY COMPANY v. LIZZIE HOWARD ET AL.

### No. 1307. Decided April 25, 1904.

**1.—Railway—Fellow Servants—Statute.**

A hostler in a railway roundhouse, though by article 4560f, Revised Statutes, declared to be a vice-principal as to assistants under his control and direction, can not recover for injury, nor can his relatives for his death, caused by the negligence of such subordinates while engaged in the common service, on the same character of work and working together at the same time and place, at the same piece of work and to a common purpose,— article 4560g, Revised Statutes, making them, while so employed, fellow servants with him. (Pp. 517, 518.)

**2.— Same.**

A hostler employed in a roundhouse who, while walking on the track, though for the purpose of going to an engine to bring it into the roundhouse, was run over and killed by the negligence of his assistants bringing an engine to the roundhouse, was not engaged "in the work of operating cars, locomotives or trains" within the meaning of article 4560ea, Revised Statutes, imposing liability for injury by negligence of a fellow servant to one so engaged. (Pp. 518, 519.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Bell County.

Lizzie Howard and others sued the railway company and recovered judgment which was affirmed on appeal by defendant, who thereupon obtained writ of error.

*J. W. Terry* and *A. H. Culwell,* for plaintiff in error.—If the engine was put in motion by one of the helpers of deceased, who was working under his general direction and control, and to whom each helper was responsible, then deceased was chargeable with anything that might be done by such helper while engaged in the work, and such helper as to Howard was a fellow servant. Sayles' Stats., arts. 4560f, 4560g, 4560h; St. Louis A. & T. Ry. Co. v. Denny, 5 Texas Civ. App., 366; McKinney on Fellow Servants, p. 309.

If the evidence does show that the engine was put in motion by one of the helpers of deceased, who was working under the direction and control of him, then same shows that deceased and the helper putting engine in motion were fellow servants, and in that event plaintiffs are not entitled to recover.

The true test as to whether employes are fellow servants or whether one is a vice-principal is, "Has one of them authority from the master to employ and discharge?" If not he is a fellow servant, and the evidence fails to show such authority on the part of deceased. Young v. Hahn, 70 S. W. Rep., 950; Maughmer v. Behring, 19 Texas Civ. App., 299; Austin R. T. Ry. Co. v. Grothe, 88 Texas, 262.

An additional test to determine who are fellow servants is to be found in the character of the act which causes the injury and not in the grade or rank of the person performing it. If the negligence causing the injury is the neglect of a duty which the master owes to his employes, the master is liable, whether the party guilty of the negligence is the master himself or a coemploye to whom he has committed the discharge of such duty; and, if a coemploye, such coemploye is as to the performance of such duty a vice-principal and not a fellow servant. But if the negligence causing the injury is not the neglect of a duty the master owes his employes, the master is only liable when he is personally guilty of the negligence and not when it is the fault of a coemploye of the party injured, for all coemployes, whatever their grade, are fellow servants, except when engaged in the discharge of a duty the master owes his employes. In other words, the same party may be in some matters a vice-principal and in others a mere fellow servant; the test being that in performing the duties which a master owes to the servant he is a vice-principal; in the discharge of all other duties he is a fellow servant. Missouri K. & T. Ry. Co. v. Whitaker, 11 Texas Civ. App., 671; Gulf C. & S. F. Ry. Co. v. Schwabbe, 1 Texas Civ. App., 573; Allen v. Goodwin, 21 S. W. Rep., 760.

In the meaning of the fellow servants law of this State neither deceased nor his helpers were engaged in the operation of trains, locomotives or cars, and article 4560f, making railway companies liable for

death or injury to employes so engaged, does not apply in this case. Same authorities.

If the evidence does not show the facts to be as stated in first additional proposition under this assignment, yet the appellant would not be liable, as such evidence does not establish that Howard as to Hoherd was a vice-principal, but that they were coservants not engaged in operating a train, locomotive or car. McCosker v. Long Island Ry. Co., 84 N. Y., 77, 5 Am. and Eng. R. R. Cases, 565; McKinney on Fellow Servants, p. 309.

*John W. Parker* and *W. C. Halbert,* for defendants in error.—The deceased and his assistants or helpers were engaged in the work of operating the locomotive of appellant, and were not, therefore, fellow servants. Rev. Stats., art. 4560f; Akeson v. Chicago B. & O. Ry. Co., 75 N. W. Rep., 676; Medberry v. Chicago M. & St. P. Ry. Co., 81 N. W. Rep., 660; Long v. Chicago R. I. & P. Ry. Co., 94 Texas, 59; Gulf C. & S. F. Ry. Co. v. Warner, 89 Texas, 476; Texas Cen. Ry. Co. v. Frazier, 90 Texas, 36; Callahan v. Merchants' B. Ter. Ry. Co., 71 S. W. Rep., 209.

J. D. Howard was a servant or employe of appellant, and received the injury which caused his death by reason of the negligence of another servant or employe while engaged in the work of operating two locomotives of appellant, and the statute by its own terms fixes the liability of appellant, and on that account the court properly refused appellant's special charge. Same authorities.

The proof conclusively showed that Hoherd and Langford were hostler helpers or assistants; that it was their duty to aid in placing the engines at the coal chutes for the purpose of taking coal; at the water tank for the purpose of taking water; over the cinder pit for the purpose of being cleaned, and to throw switches and do whatever else was necessary to conduct the engines into the roundhouse. It also showed that the helpers would sometimes move the engines in "spotting" them at the chutes, and that the engines at the time deceased was struck were being moved by Hoherd in the direction of the cinder pit for the purpose of being placed over the same in order that they might be cleaned. All these duties appertained to the movement of the engines, and therefore the movement of the engines came within the general scope of the duties of the hostler helpers, and the act of Hoherd in moving the engines, notwithstanding the act was prohibited, was within the general scope of his employment. The act was done, too, in furtherance of the business of the master. Not only so; if Hoherd had a right to move the engines, when directed to do so by the deceased, his doing so without direction from him, as already shown, did not remove the act beyond the general scope of his authority. Same authorities.

The Court of Civil Appeals found as a fact that the deceased and his assistant hostlers were engaged in the work of operating the locomotive; and the finding being one of fact, is conclusive upon this court, and this

court is without jurisdiction to inquire into the question. Const., secs. 3, 6; Texas Loan Agency v. Fleming, 92 Texas, 460; Burgess v. Western U. Tel. Co., 92 Texas, 128.

Certainly, in view of the evidence, it can not be said there was no evidence tending to show that Howard and his assistants were "engaged in the work of operating the locomotive," or that the conclusion that they were not thus engaged was "so definite and certain that the trial court should have treated it as conclusively established." Choate v. San Antonio & A. P. Ry. Co., 91 Texas, 406; Buie v. Chicago, etc., Ry. Co., 95 Texas, 64.

The act being a modification of the common law, is a remedial statute and entitled to a liberal construction. Giving it such a construction, it seems to counsel that it embraces hostlers and assistant hostlers. "Cars, locomotives and trains" are vehicles of motion, and "operating" means to set in motion; and when the word is applied to such vehicles it can not be understood in any other sense than putting them in motion. But it may be said the language of the statute is "engaged in the work of operating a car, locomotive or train." If setting either in motion is operating it, then clearly those who do it for purposes appropriate to its use and in furtherance of the corporation's business may be said to be "engaged in the work of operating the car, locomotive or train." 2 Labatt, Mast. and Servt., sec. 760a; Nichols v. Chicago M. & St. P. Ry. Co., 62 N. W. Rep., 386; Mikkelson v. Truesdale, 65 N. W. Rep., 260.

The beginning and ending of the journey of a locomotive is the roundhouse, and the hostler and assistant hostler who take charge of a locomotive in the yard after the engineer and fireman have left it, and propel it into the roundhouse, but complete the journey of the locomotive, and while performing the service are as much "engaged in the work of operating the locomotive" as the engineer and fireman were while propelling it upon the road.

Not only so, but coaling, watering, sanding and cleaning locomotives of cinders, and moving them for that purpose, are such indispensable incidents to the operation of the same on the road that those who perform such services are justly entitled to be classed among those "engaged in the work of operating the locomotives." Missouri K. & T. Ry. Co. v. Freeman, 97 Texas, 394; Daley v. Boston & A. Ry. Co., 147 Mass., 113; Commonwealth v. Boston & L. Ry. Co., 126 Mass., 68; Lipscomb v. Railway Co., 95 Texas, 5.

The hostler and his assistant hostlers should be held to be within the provisions of the act, because the duties performed by them and the dangers incurred by them are precisely the same as the duties performed and the dangers incurred by employes who are "engaged in the work of operating cars, locomotives or trains," and who are admitted to be embraced in the act. Chicago M. & St. P. Ry. Co. v. Artery, 137 U. S., 507.

BROWN, Associate Justice.—The defendants in error sued the Gulf, Colorado & Santa Fe Railway Company to recover damages re-

sulting from the death of J. D. Howard. The railway company answered by general demurrer, special exception and plea of contributory negligence, and that the negligence which caused the death of Howard was that of his fellow servants. There was a verdict and judgment for the plaintiffs, which was affirmed by the Court of Civil Appeals. The findings of fact by the Court of Civil Appeals are as follows:

"J. D. Howard was in the employ of the defendant company as a hostler at Temple, Texas. His duties were to take charge of, operate and handle all engines in and about the roundhouse, coal chute and cinder pit. He had two assistants, one named Hoherd and the other Langford, but in the absence of specific authority neither of them was authorized to take charge of and move engines. Their duties were to assist in coaling, removing cinders, switching, etc.

"On the occasion in question, about 3 o'clock a. m. during a dark night, two engines coupled together, called a double-header, were left in the yard at Temple. These engines were taken charge of by Hoherd and Langford and placed in the coal chute, where one was coaled. They were then started back to the roundhouse, both engines while going to the roundhouse moving backward. A few minutes before the engines left the coal chute, Howard left the roundhouse, two or three hundred yards away, going in the direction of the two engines, for the purpose, presumably, of taking charge of them and running them to the roundhouse. In a very few minutes after the two engines started from the coal chute, Howard was found lying by the side of the track over which the engines had just passed, one of his legs being across one of the rails and cut almost in two. There were also other severe and fatal wounds upon his body, and he died in about thirty minutes after he was found, without giving any explanation as to how the accident occurred."

Article 4560g, of the Revised Statutes, defines fellow servants as follows: "All persons who are engaged in the common service of such person, receiver, or corporation, controlling or operating a railroad or street railway, and who while so employed are in the same grade of employment and are doing the same character of work or service and are working together at the same time and place and at the same piece of work and to a common purpose, are fellow servants with each other. Employes who do not come within the provisions of this section shall not be considered fellow servants." The original article was practically the same except it had between the words "purpose" and "are" these words: "Neither of such persons being intrusted by such corporation, receiver, manager or person in control thereof with any superintendence or control over their fellow employes, or with the authority to direct any other employe in the performance of any duty of such employe." The Legislature omitted those words in the amendment and enacted article 4560f, which reads thus: "All persons engaged in the service of any person, receiver or corporation, controlling or operating a railroad or street railway the line of which shall be situated in whole or in part in this State,

who are intrusted by such person, receiver or corporation with the authority of superintendence, control or command of other servants or employes of such person, receiver or corporation, or with the authority to direct any other employe in the performance of any duty of such employe, are vice-principals of such person, receiver or corporation, and are not fellow servants with their coemployes." This article is in effect the same as the words which were omitted from article 4560g and excepts from the latter the class of employes mentioned in the preceding article. · Howard was vice-principal of Hoherd and Langford because he had authority over them, therefore, under article 4560f, he was not their fellow servant in performing that work; that is, if either of them had been injured through his negligence the railroad company · would have been liable. But by the terms of article 4560g they were fellow servants with him; the three were doing the same character of work or service, working together at the same time and place, at the same piece of work, and to the common purpose of taking the locomotives into the roundhouse. Gulf C. & S. F. Ry. Co. v. Warner, 89 Texas, 475. Howard, if living, could not recover under article 4560g for the injuries received through the negligence of Hoherd or Langford, therefore plaintiffs can not recover unless it be by virtue of article 4560ea.

The defendants in error can not recover for the death unless Howard could himself recover for the injury if he were living and prosecuting this action,—could he recover under article 4560ea? "Art. 4560ea: Every person, receiver or corporation operating a railroad or street railway the line of which shall be situated in whole or in part in this State, shall be liable for all damages sustained by any servant or employe thereof while engaged in the work of operating the cars, locomotives or trains of such person, receiver or corporation, by reason of the negligence of any other servant or employe of such person, receiver or corporation, and the fact that such servants or employes were fellow servants with each other shall not impair or destroy such liability." Counsel for defendants in error contends that that article gives right of action to persons who are employed to perform the classes of work named therein. If that be a correct construction of the statute, then Howard, being employed for the purpose of moving locomotives into the roundhouse, would come within its terms. We agree with the Court of Civil Appeals, that if Howard was engaged in the work of operating the locomotives, defendants in error should recover. The terms of the statute are, that the persons while engaged in the work of operating the cars, etc., are protected against the negligence of *any* servant or employe of the company. The word *"while"* places a time limit upon this protection and means, "during the time such employe may be enaged in the work of operating the locomotive." "Work," as used in this statute, is synonymous with "act," and in its connection means the doing of those things which constitute operating the locomotives, etc., and the person so engaged is protected against the negligence of any other employe *during*

*the time he is engaged in the act* of operating the machinery. If Howard had been upon the locomotive or had been working in connection with it for the purpose of moving it into the roundhouse the case would come within the terms of this statute: but the evidence does not so place him. The best phase for the defendants in error that can be put upon the evidence is, that Howard was on his way to take charge of the locomotive and was through the negligence of his fellow servants who were operating the locomotive at the time run over and killed, before he began to perform the act of operating the machinery. Medberry v. Railway Co. (Wis.), 81 N. W. Rep., 659. That case construes a statute much like ours. A conductor of a train in preparing it to be moved was standing by a car waiting for the removal of a bundle when he should close and lock the door. He was injured by the negligence of a coemploye, but the court held that he was not operating the train.

If we consider the perilous position of men while actually engaged in the work of operating trains and their attitude toward other employes whether upon the same trains or not, which renders it very difficult to protect themselves against the negligence of others, the discrimination appears to be just as a provision for such employes and their families if injured, and a wise policy tending to excite the diligence of their employers to procure safe and reliable persons to perform the work affecting the safety of train service. When such employe is not actually engaged in the work out of which the danger grows the reasons for the distinction between him and other employes cease, for there is no more reason why Howard, while walking upon the track, should be protected against the negligence of those who were upon the locomotive than there would have been if he had been a section hand in the same situation and had suffered the same injuries by the negligence of those handling the locomotive.

The effect of article 4560ea is to suspend the law of fellow servants as to persons employed to operate cars, locomotives or trains, while they are actually engaged in the work; but it does not affect their relations to other employes beyond the time of their active employment in that work.

It is ordered that the judgments of the District Court and of the Court of Civil Appeals be reversed. And it appearing from the evidence that defendants in error have no right of recovery, it is further ordered that judgment be entered in favor of plaintiff in error, that it go hence without day and that defendants in error take nothing by their suit.

*Reversed and rendered for appellant.*