### LODWICK LUMBER COMPANY v. E. H. MOUNCE.

Decided April 27, 1907.

**1.—Operating Railroad Train—Negligence of Fellow Servant.**

A lumber company owning a railroad is liable for injuries inflicted on one of its employees by the negligence of a fellow servant engaged in operating a train thereon.

**2.—Same.**

Where by the negligence of defendant's employees engaged in operating one of its railroad trains, certain telephone poles with which the cars were loaded were allowed to fall from the cars while in motion, and plaintiff, a fellow servant of said employees, becoming frightened, jumped from the train and was injured, the defendant was liable for the negligence of said employees in the manner of loading the car, under the statutes of this State.

**3.—Apparent Danger—Negligence.**

One who acts as an ordinarily prudent man would act under circumstances of seeming danger, and is injured, is not guilty of contributory negligence although it may develop that there was in fact no danger.

Appeal from the District Court of Harrison County. Tried below before Hon. Richard B. Levy.

*F. H. Prendergast,* for appellant.

*Harrison, Davidson & Burkhart,* for appellee.

RAINEY, CHIEF JUSTICE.—This suit was brought by E. H. Mounce against the Lodwick Lumber Company to recover damages for personal injuries inflicted on him by the alleged negligence of said company.

The lumber company answered by general demurrer, general denial, contributory negligence and assumed risk. A trial resulted in a judgment for Mounce. and the lumber company appeals.

The evidence shows that the Lodwick Lumber Company was the owner of a large sawmill in Marion County, Texas, and also owned and operated a line of railroad extending from its mill to Harleton, a station on the main line of the Southern Railroad, and that Mounce was employed as a day laborer by the lumber company at its mill. At the time of the injury the company was constructing a telephone line along its railroad from its mill to Harleton. Mounce

and others loaded some telephone poles on the cars under the direction of one Wurtsbaugh, general manager of said company, and were ordered to get on the cars and distribute the poles at the required intervals along the track of said railroad. The train consisted of two cars on which the poles were loaded and an engine. The engine was pushing the two cars, going in a southerly direction, and Mounce was riding on the car next to the engine. The road was rough and uneven and when the train had gone out some distance the rocking of the cars caused the end of poles on the car in front to fall and the train being pushed under the lower end caused the other end to rise up high in the air. At that time Wurtsbaugh, the manager, cried out, "whoa! look out!" in an excited manner, which caused Mounce to look around, and seeing the poles rising up he became frightened, jumped from the car and was injured. The poles were caused to fall by reason of a pin not being placed in a standard on the front end of the front car to keep it from slipping down, and the unevenness of the road caused the rocking of the car and the standard to slip down. All of the hands were engaged in loading the cars but Mounce did not assist in fixing the standard and did not know it was not secure. This was the first time he ever engaged in this kind of work and did not know of the condition of the road, never having gone over it.

Under our statutes a servant of a company operating a line of railway, if injured by the negligence of fellow servants, has a right of recovery against said company for the injury inflicted. Mounce v. Lodwick Lumber Co., 91 S. W. Rep., 240.

In this case the injury was occasioned by Mounce's fellow servants in failing to properly secure a standard that was intended to hold the poles on the car, and the swaying of the car. This was the proximate cause of the injury and there was no error in charging the jury, if these caused the injury, and it was negligence in failing to secure the standard and it was negligence in the company to allow the track to be rough and uneven, to find for Mounce.

The court was requested by appellant's counsel to give the following charge: "It was the duty of the said E. H. Mounce to have known of the fastening of the standard, and therefore you can not find for plaintiff on the ground that E. H. Mounce did not know of the said condition of said standard." This charge was refused, and its refusal is assigned as error. We do not think there is any merit in this charge. It required Mounce to inspect all the work of his fellow servants and if he failed so to do, he assumed the risk of their negligence. The act relieving a servant from the acts of negligence of his fellow servants in operating a car was intended to cover such a case as this. If such was not the object it would be hard to find an instance where it would be applicable.

The contention that Mounce was guilty of negligence in jumping from the car was a question for the jury's determination. If the appearances were such as to cause an ordinarily prudent man to act as he did, it does not matter that there was no danger, his action will be attributed to the appearance of danger. Mounce v. Lumber Co., supra. The jury having found against appellant on this issue,

as well as that Mounce did not assume the risk by taking the position he did on the car, and that there was negligence in not securing the standard and in allowing the road to be in such a condition, the judgment is affirmed. ˙

*Affirmed.*

Writ of error refused.