St. Louis Southwestern Railway Company v. I. J. Thornton.

Decided June 8, 1907.

**1.—Fellow-Servant—Operating Train.**

The term "operation" as used in article 4560f of the Revised Statutes evidently comprehends something more than the running of cars, locomotives, and trains of a railway company. It includes within its meaning every employee who, when injured, was performing some work in the line of his duty directly connected with or incident to the movement or operation of a car, locomotive or train.

**2.—Same.**

Members of the same section crew engaged in the work of unloading cross-ties from a railroad train, as it was moved and stopped at intervals along the track, fall within the protection of article 4560f of the Revised Statutes.

Appeal from the District Court of Hopkins County. Tried below before Hon. R. L. Porter.

*E. B. Perkins, Templeton, Crosby & Dinsmore,* for appellant.

*Wood & Melson,* for appellee.

TALBOT, Associate Justice.—Thornton brought this suit against the railway company to recover damages on account of personal injuries alleged to have been sustained by him through the negligence of said company while he was engaged in unloading cross ties from a box-car, forming a part of a train which was being operated along appellant's railroad track and stopped at intervals for that purpose. The railway company pleaded a general denial, contributory negligence, assumed risk and specially that, if appellee was injured, his injuries were the result of the negligence of his fellow-servants; that he and those engaged with him in unloading the ties, were employes of appellant, members of the same section gang, and were of the same grade of employment and engaged at the time of the accident at the same piece of work, but not in the work of operating the car, locomotive or train in question. The case was tried September 1, 1906, resulting in a verdict and judgment for appellee in the sum of $250.

The evidence shows that on February 22, 1905, appellee was a section hand of appellant and engaged with other employes under

the control of Pat Daily as foreman, in distributing, from one of appellant's passing freight trains, in heaps along its railroad track at a distance of two hundred yards apart, cross-ties to be used in repairing said track. The ties weighed about 200 pounds each, were slick with creosote and arranged in two piles in a box-car. One of the piles was in the west end of the car and the other in the east end, leaving a vacant place between them of about five feet extending across the car from door to door. The appellee, DeSpain and George Boyd were required by the foreman to unload the ties in the east end of the car, and Albert Venters, Frank Scott and Billie Boyd were required by the foreman to unload the ties in the west end, and the foreman directed that all ties be thrown out at the north door. The method adopted by the foreman and the men throwing out the ties, and which was being pursued when appellee was hurt, was that the men in the east end of the car were to throw out a tie, and then the men in the west end were to throw out one; that is the separate crews were to throw out ties alternately. And it was the duty of each crew, when it threw out a tie, not to throw out another until the other crew threw out one. The train was moved and stopped by the engineer at the signal of the section foreman Daily, and would move about two hundred yards, stop for ties to be thrown out and then move again the same distance and stop for the same purpose. After the train had been thus moved, stopped and ties unloaded from the car a few times, either because of the negligence of Daily, the foreman, in directing appellee and the other members of the crew to throw out a tie while the train was in motion, and then without notice or warning to appellee, causing the train to be stopped suddenly, or in directing the crews to throw out the ties as fast as they could, which was dangerous to the men so engaged, or by the concurrence of said negligent acts, or by the negligence of Venters and Scott in too hastily and carelessly attempting to unload the ties allotted to their hands, a tie held by appellee collided with a tie held in the hands of Frank Scott and Albert Venters, and caught appellee's hand between said ties and mashed and injured it substantially as alleged.

There was no error in failing to give appellant's requested instruction directing the jury to return a verdict for it, nor in refusing to grant appellant's motion for a new trial. The evidence neither conclusively established that appellee was guilty of negligence proximately contributing to his injury, in that he started to the door of the car to throw out a tie, as contended, without looking to see where he was going and without taking any precautions to prevent the collision between himself and Scott and Venters, nor that he was fully aware of all the conditions under which he was working and knew and understood all the dangers incident thereto. Whether appellee was guilty of contributory negligence in the manner referred to or otherwise, and whether the danger incident to the work in which appellee was engaged, was, from the way in which it was being performed, obvious and understood and appreciated by him at the time he was hurt, were issues

of fact for the determination of the jury under proper instructions. These issues were submitted under instructions which appear to be full and correct. They are not complained of by appellant and the evidence is sufficient to sustain the jury's verdict which necessarily embraces a finding upon each of them in favor of appellee.

Appellant by its remaining assignments of error presents, in different form, the proposition that appellee was injured by the negligence of his fellow servants, and therefore was not entitled to recover.

Appellant by its remaining assignments of error presents, in different form, the proposition that appellee was injured by the negligence of his fellow servants, and therefore was not entitled to recover. The contention is, that the evidence showed that appellee and Albert Venters and Frank Scott were fellow servants and were at the time appellee was injured engaged in the same piece of work and the same grade of employment and were not engaged in any way in the work of operating the cars, locomotive or train in question. That appellee, Venters and Scott were in the same grade of employment and were engaged in the same piece of work when appellee was injured, is sustained, we think, by the recent decision of the Supreme Court in the case of International & G. N. Ry Co. v. Still, 101 S. W. Rep., 442. But to the proposition that appellee and his said fellow servants were not at such time engaged in any way in the operation of the car or train upon which they were at work, we do not agree. The case of Mounce v. Lodwick Lumber Co., 91 S. W. Rep., 240, decided by this court and reaffirmed recently, on appeal by the Lumber Company in an opinion not yet published, is directly in point. In that case the lumber company at the time of the injury complained of was constructing a telephone line along its railroad. "Mounce and others loaded some telephone poles on the cars under the direction of one Wurtbaugh, general manager of said company, and were ordered to get on the cars and distribute the poles at the required intervals along the track of said road. The train consisted of two cars on which the poles were loaded and an engine. The engine was pushing the two cars going in a southerly direction and Mounce was riding on the car next to the engine. The road was rough and uneven and when the train had gone out some distance the rocking of the cars caused the end of poles on the car in front to fall and the train behind pushed up under the lower end of the poles, caused the other end to raise up high in the air," which being seen by Mounce frightened him and he jumped from the car and was injured. It was held that Mounce was engaged in the work of operating the cars within the meaning of our fellow servants statute. That statute (Article 4560f) is as follows: "Every person, receiver, or corporation operating a railroad or street railway the line of which shall be situated in whole or in part in this State shall be liable for all damages sustained by any servants or employes thereof while engaged in the work of operating the cars, locomotives or trains of such person, receiver or corporation, by reason of the negligence of any other servant or employe of such person, receiver or corporation, and the fact that such servants or employes were fellow servants with each other shall not impair

or destroy such liability." The view that the protection of this statute extends to and can be invoked only by those employes of a railway company who are actually engaged in the manipulation of the engine and directing the movement of the cars or train, is too restrictive. As said in the case of Texas & Pac. Ry. Co. v. Webb, 72 S. W. Rep., 1044, "the term 'operation' as used in the statute under consideration, evidently comprehends something more than the mere running of cars, locomotives, and trains of a railway company." It includes within its meaning, we believe, every employe, who, when injured, was performing some work in the line of his duty directly connected with or incident to the movement and operation of a car, locomotive or train. Falling within this character or class of work was the unloading of the cross-ties from appellant's train by appellee on the occasion when he was hurt. He was engaged in doing at least a part of the work proximately and necessarily connected with the operation of appellant's train, in the accomplishment of its purpose. This purpose was the distribution of cross-ties along appellant's railroad track to be used in the repair thereof, and could not be accomplished without the performance of the labor at which appellee was engaged. That labor was a part of or related to the perilous business of railroading, exposed appellee to its hazards, was inseparably connected with the operation of the car for the purpose intended, and, brings the case within the "spirit and beneficial operation" of the statute. The judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.