TEXAS & NEW ORLEANS RAILROAD COMPANY V. TOM WALTON.

Decided June 13, 1907.

**1.—Fellow Servant—Personal Injuries.**

Where, while their engine was standing at a water tank, the engineer got off the engine and was engaged in oiling the same, and the fireman, after filling the tank with water, opened the blow-off cock, by the steam from which the engineer was seriously scalded, the engineer and fireman were so engaged in operating the engine as to bring them within the provisions of article 4560ea of the Rev. Stats., and the railroad company was liable. The fact that the engine at that particular moment was at rest, was immaterial.

**2.—Cases Distinguished and Approved.**

Gulf, C. & S. F. Ry. v. Howard, 97 Texas, 513; Medberry v. Chicago, M. & St. P. Ry. Co., 81 N. W. Rep., 659, and International & G. N. Ry. v. Anderson, 82 Texas, 518, distinguished. St. Louis & S. F. Ry. v. Smith, 14 Texas Ct. Rep., 376, and Texas & N. O. Ry. v McCraw 16 Texas Ct. Rep., 368, approved.

Appeal from the District Court of Harris County. Tried below before Hon. W. P. Hamblen.

*Baker, Botts, Parker & Garwood,* and *Lane, Jackson, Kelley & Wolters,* for appellant.—In an action by an engineer for personal injuries inflicted through the negligence of his fireman, over whom he has control, and at a time when the engineer is not "actually engaged" in the operation of the locomotive or cars, the fireman is to be deemed his fellow servant, for whose negligence the common master is not liable. Cloyd v. Galveston, H. & S. A. Ry. Co., 37

Texas Civ. App., 506; Gulf, C. & S. F. Ry. Co. v. Howard, 97 Texas, 513; Gulf, C. & S. F. Ry. Co. v. Warner, 89 Texas, 475; Medberry v. Chicago, M. & St. P. Ry. Co., 81 N. W. Rep., 659.

The principle respondeat superior, extends only to those acts on the part of a servant which are done within the scope of his authority as such; and the master is not liable for injury inflicted by a servant in doing an act beyond the scope of his authority. International & G. N. Ry. Co. v. Anderson, 82 Texas, 518; Texas & Pac. Ry. Co. v. Black, 87 Texas, 164; International & G. N. Ry. Co. v. Cooper, 88 Texas, 610; Shearman & Redfield on Negligence, sec. 148; Wood on Master and Servant, pp. 524 and 525.

In an action by an engineer for personal injuries inflicted through the negligence of his fireman, over whom he has control, and at a time when the engineer is not actually engaged in the operation of the locomotive or cars, the fireman is to be deemed his fellow-servant, for whose negligence the master is not liable. Gulf, C. & S. F. Ry. Co. v. Howard, 97 Texas, 513; Gulf, C. & S. F. Ry. Co. v. Warner, 89 Texas, 475; Medberry v. Chicago, M. & St. P. Ry. Co., 81 N. W. Rep., 659.

An employe is held by law to understand the usual methods, customs, instruments and means of the service which he engages to perform, and is held in law to have assumed the risks of injury from those conditions and dangers which are ordinarily incident to the methods and usages and instruments of the service. Missouri Pac. Ry. Co. v. Watts, 63 Texas, 552; Watson v. Houston & T. C. Ry. Co., 58 Texas, 439; Texas & Pac. Ry. Co. v. French, 86 Texas, 98; Galveston, H. & S. A. Ry. Co. v. Lempe, 59 Texas, 22; Texas & Pac. Ry. Co. v. Bradford, 66 Texas, 736; Missouri Pac. Ry. Co. v. Somers, 71 Texas, 702; Bailey on Master's Liability for Injury to Servants, pp. 158 et seq.

*Lovejoy & Parker* and *Fisher, Sears & Campbell,* for appellee.— The blowing out of the engine being a part of the regular duties of the fireman, appellant is answerable for injury resulting from his improper, ill-timed or negligent performance of the duty.

The mere fact that the fireman Greer was a servant or employe at the time renders appellant liable for injuries to other servants caused by his negligence, while in the operation of an engine. Art. 4560ea, Revised Civil Statutes of Texas; Gulf, C. & S. F. Ry. Co. v. Howard, 97 Texas, 513; St. Louis & S. F. Ry. v. Smith, 14 Texas Ct. Rep., 376; Texas & N. O. Ry. v. McCraw, 16 Texas Ct. Rep., 370.

GILL, CHIEF JUSTICE.—The plaintiff Tom Walton sued the Texas & New Orleans Railroad Company to recover damages for personal injuries alleged to have been sustained by him as a result of the negligence of the fireman of a switch engine of the company. The defendant interposed a general demurrer and pleaded general denial, assumed risk and contributory negligence. A jury trial resulted in a verdict and judgment in favor of plaintiff for $5,000, and defendant has appealed.

Defendant requested the court to instruct a verdict in its favor

on the theory that the fireman, J. M. Greer, whose act caused the injuries, was the fellow servant of plaintiff, and by the first assignment of error complains of the refusal of the trial court to give it.

The facts are as follows: The plaintiff was in the employ of the defendant as engineer in charge of one of its switch engines. J. M. Greer was the fireman, and they had been engaged on the morning of the accident in switching and shifting freight cars in defendant's yards. About noon they stopped the engine at a water tank to take water. It was the hour when the switching crew usually took lunch and some of them were so engaged. The fireman, however, proceeded to fill the tank with water and the engineer got down from the engine and was engaged in oiling its various parts. While so engaged the fireman returned from the tender to the cab and opened the blow-off cock to clean out the boiler. It was customary for him to do this every day or two when so directed by the engineer, the latter being the judge of when it was necessary and the fireman being under his orders. The plaintiff alleged in his petition and testified on the stand that on the day in question he had not told the fireman to blow out the engine, but had instructed him not to as it had been done the day before. The fireman swore that he had received instructions to do so.

The blow-off cock is a large valve near the bottom of the boiler, designed for use in emptying the boiler of muddy water and sediment, and when open emits a large jet of steam and hot water. On the occasion in question there was a steam pressure of 150 pounds to the square inch, a pressure sufficient for the operation of the engine. The valve was opened just as plaintiff was passing it. He was enveloped in steam. The steam and hot water was thrown against his leg producing a deep burn from the lower part of his thigh to the calf of his leg. The force threw him off his feet. He was in fair health and in possession of normal senses up to the time of the accident. There is evidence sufficient to sustain the finding that the serious injury to his eyesight, the loss of hearing in his left ear and his present inability to walk without crutches are due to the accident and that his injuries are serious and permanent. He was earning at the time from $80 to $120 per month.

The statute, article 4560g, defining who are fellow servants, exempts the operatives of a railroad engine from the fellow servant rule while they are engaged in their work.

Defendant's contention that under the facts of this case the fireman and engineer were fellow servants at the moment of the accident is rested upon the fact that the engine was at rest and not in operation and that each was engaged in preparing it for further operation.

Defendant seeks to apply to the facts of this case the rule announced in the case of Gulf, C. & S. F. Ry. v. Howard, 97 Texas, 513. In that case the person injured was an engineer who when injured was on his way to the engine for the purpose of taking charge of it. He had not been in charge of it. Two other employes under his general control and supervision negligently ran the engine against him and killed him. It was held that the statutory exemption applied only when the employes were actually engaged in the extra

hazardous work of operating the engine, and that one on his way to such work was not within its protection. The conclusion of the court was that deceased was a fellow servant of those in charge of the engine.

Medberry v. Chicago, M. & St. P. Ry. Co., 81 N. W. Rep., 659, a Wisconsin case, is cited with approval, in which it was held, under a similar statute, that a conductor who had not yet taken charge of his train but was standing by awaiting the removal of some bundles before the train could be started was not within the exemption.

But in neither of these cases was the court called on to make a distinction between the work of actually moving or stopping an engine and the work of the operatives during a pause to take water and oil the machinery. In discussing the question disposed of in the Howard case, *supra,* Justice Brown uses the following language: "If Howard had been upon the locomotive, or had been working in connection with it for the purpose of moving it into the roundhouse, the case would come within the terms of this statute." This expression directly supports the conclusion we have reached, and the principle upon which it rests excludes the idea that there is room for the distinction insisted on. The statute in question was designed for the protection of those engaged in a peculiarly dangerous calling and its application alone to railway corporations is justified only upon that ground. That these dangers do not end the moment the engine is at rest is a manifest fact of which this case is an illustration. And this is true both as to the fireman and engineer. The fireman might be engaged in adjusting the apparatus by which water is taken into the tank. Should the engineer without warning suddenly move the engine it would seriously endanger the fireman. The engineer of a passenger train traveling rapidly between stations might find it necessary to stop his engine and adjust some of its parts. This duty might require him to get under the engine and while so engaged the fireman, while engaged in his duties, might carelessly strike the lever and start the train. It could not be fairly said that the statute was not designed to cover such a case. The facts supposed are within the spirit of the law and are not to be distinguished from the facts in the case at bar. St. Louis & S. F. Ry. v. Smith, 14 Texas Ct. Rep., 376, and Texas & N. O. Ry. v. McCraw, 16 Texas Ct. Rep., 368, support the conclusion we have reached upon this point. The assignment is overruled.

Appellant presents the further point that the defendant is not liable for the act of the fireman, because it was alleged and proved that he had no authority to open the valve of the blow-off cock without express instructions from the engineer. We construe the allegations and proof to mean that it was a part of his general duty to open the valve, but when it should be done was within the discretion of the engineer. The fireman in contradiction of the plaintiff stated that he had been instructed to open it that day. We do not think that either by the allegation or the proof is this case brought within the doctrine of those cases which hold that a railway company is not liable for the ejection of a trespasser by a brakeman unless directed so to do by the conductor. *Vide* International & G. N. Ry.

v. Anderson, 82 Texas, 518. There he derived his authority to do the act from the conductor and did not have it otherwise. Here the act complained of was a part of the general duty of the fireman, the engineer determining when it was necessary.

What has been said disposes of all the questions made except that the undisputed facts show that the engineer assumed the risk which resulted in his injury, and that the verdict is excessive. The first of these points is wholly without merit. As to the second the evidence is not altogether satisfactory; but the issue of credibility and the value of opinion evidence was for the jury, and the evidence is sufficient to sustain the verdict for the sum found. The judgment is affirmed.

### ON MOTION TO CORRECT CONCLUSIONS OF FACT.

In our opinion heretofore rendered in this cause in stating the time at which appellee received his injuries we say that, "About noon they stopped the engine at a water tank to take water." Appellee has called our attention to the testimony of plaintiff which is to the effect that it was 3:40 or 3:45 p. m. when the engine was stopped for the purpose of taking water and the blow-off by which he was injured occurred. We fail to find any evidence in the record fixing the time differently and were therefore in error in stating that the accident occurred about noon.

We regard the error as immaterial, but at appellee's request make the correction above indicated.

*Affirmed.*

Writ of error refused.