## TEXARKANA & FT. SMITH RAILWAY COMPANY v. JIM ANDERSON.

### No. 1936. Decided April 14, 1909.

**1.—Fellow Servants—Operating Car.**

Section hands unloading steel rails from a push car, which they propelled by pushing to the proper point for unloading, were not, in removing a rail from the car, "engaged in the work of operating" the car, within the meaning of the Act of June 18, 1897 (Laws, 25th Leg. Special Session, p. 14). There could be no recovery by one for the negligence of the others in letting a rail drop on his foot, the fault being that of a fellow servant. (Pp. 403, 404.)

**2.—Cases Distinguished, etc.**

Texas & P. Ry. Co. v. Webb, 31 Texas Civ. App., 498; questioned (if not held overruled). St. Louis S. W. Ry. Co. v. Thornton, 103 S. W., 437, distinguished. Gulf, C. & S. F. Ry. Co. v. Howard, 97 Texas, 518, 519 and Gulf, C. & S. F. Ry. Co. v. Johnson, 103 S. W., 447, approved. (Pp. 403, 404.)

Error to the Court of Civil Appeals for the Sixth District, in an appeal from Bowie County.

Anderson sued the railway company and had judgment. Defendant appealed, and on affirmance obtained writ of error.

*Glass, Estes & King,* for plaintiff in error.—Under the undisputed facts defendant in error was a fellow servant with its employes with whom he was engaged in work at the time of his alleged injury, for whose negligence, if any, resulting in his injury, plaintiff in error is not liable. Lakey v. Texas & P. Ry., 33 Texas Civ. App., 44; Gulf, C. & S. F. Ry. v. Howard, 97 Texas, 513; Walker v. Texas & N. O. Ry. Co., 112 S. W., 430; Gulf, C. & S. F. Ry. Co. v. Johnson, 103 S. W., 448.

*Thomas N. Graham* and *Hart, Mahaffey & Thomas,* for defendant in error.—If appellee was injured through the negligence of the servants of appellant who were working with him in unloading said rail, the appellant is liable therefor, because, under the undisputed evidence, they were at that time engaged in operating a car, and the fellow servant doctrine does not apply. Texas & P. Railway Company v. Webb, 31 Texas Civ. App., 498; St. Louis S. W. Railway v. Thornton, 18 Texas Ct. Rep., 888; Gulf, C. & S. F. Railway Company v. Johnson, 18 Texas Ct. Rep., 145.

Mr. Justice Williams delivered the opinion of the court.

The defendant in error (plaintiff), a section hand in the service of plaintiff in error (defendant) had his foot mashed by the falling upon it of a steel rail which he and other section men, his coemployes, were carrying from a push car to put it in place upon the ground, and recovered the judgment before us for the resulting damages. The negligence on which the judgment is based was that of the coemployes in allowing the rail to fall. They were plainly his fellow-servants, engaged in doing the same piece of work and he can not recover, unless he was hurt "while engaged in the work of operating" the car in such way as to bring his case within the provisions of the Act of June 18, 1897. (Batt's Statutes, 4560ea.)

The section men were engaged in building a temporary track in defendant's yards, and used the push car to bring rails to the place where they were to be laid from another part of the yards. The car was propelled by pushing. When the load of rails had been brought to the proper place, the men proceeded to take them, by hand, from the car and put them on the ground, and while plaintiff and several others were supporting an end of one of them, the others suddenly released their hold and allowed it to drop upon plaintiff's foot.

These are all the facts material to the question stated.

We think it quite clear that plaintiff was not hurt "while engaged in the work of operating" the car. The operation of the car had no more to do with the injury to him than if the rail had been lifted from a wagon or from the ground. In the case of Gulf, C. & S. F. R. R. Co. v. Howard (97 Texas, 518-519), the meaning of the provision in question is discussed and the reason for the discrimination between employes hurt while operating trains, locomotives, cars, etc., and others differently occupied is thus stated:        :

"If we consider the perilous position of men while actually engaged in the work of operating trains, and their attitude toward other employes whether upon the same trains or not, which renders it very difficult to protect themselves against the negligence of others, the discrimination appears to be just as a provision for such employes and their families if injured, and a wise policy tending to excite the diligence of their employers to procure safe and reliable persons to perform the work affecting the safety of train service. When such employe is not actually engaged in the work out of·which the danger grows the reasons for the distinction between him and other employes cease, for there is no more reason why Howard, while walking upon the track, should be protected against the negligence of those who were upon the locomotive, than there would have been if he had been a section hand in the same situation and had suffered the same injuries by the negligence of those handling the locomotive."

In the case of Gulf, C. & S. F. Ry. Co. v. Johnson (103 S. W., 447), facts very similar to those here in question were passed upon in an extended opinion by Judge Gill. This court again considered the question in reviewing that decision upon application for writ of error, approving the decision there made; and the doctrine as stated in those decisions may· be regarded as settled. It is that the liability declared by this statute does not rest upon the mere fact that the injured servant is employed to˙ do the work of operating trains, cars, etc., but upon the fact that, at the time he is hurt, he is engaged in that work, and this for the reason that it is the character of the work that gives rise to dangers incident to it. The Courts of Civil Appeals, in this case, and in the Johnson case, just referred to, were embarrassed by the decision in the case of Texas & P. Ry. Co. v. Webb, 31 Texas Civ. App., 498, in which also an application for a writ of error, raising the question upon the facts therein involved, was refused by this court; and it is, to say the least, far from clear that that decision can be reconciled, in principle, with the construction given to the statute in the Howard and Johnson cases. These cases, being the later, are of controlling authority, and nothing in the Webb case is to be allowed to prevent the application of their doctrine to other cases as they arise. The case of St. Louis S. W. Ry. Co. v. Thornton (103 S. W., 437), was not reviewed by this court, and, besides, had features which may distinguish it.

The plaintiff has no cause of action and the judgment is reversed and judgment rendered for defendant.

*Reversed and rendered.*