## Elbert Lakey v. Texas & Pacific Railway Company.

### Decided June 11, 1903.

**1.—Fellow Servants—Railroad Employes.**

A railroad employe engaged in taking rails from a hand car and laying them permanently on the track is, under the statute, a fellow servant with another employe who, at the foreman's direction, gives the calls which control the manner of the work, but who exercises no other authority over the men. Sayes' Civ. Stats., art. 4560h.

**2.—Same—Operating Car.**

Employes engaged in taking rails from a hand car and laying them on the ties and heeling them ready for the spikers were not "operating the car," and hence not exempted from the fellow servants' doctrine on that ground. Sayles' Civ. Stats., art. 4560f. Texas & P. Ry. Co. v. Webb, 31 Texas Civ. App., 498, 72 S. W. Rep., 1044, distinguished.

Error from the District Court of Gregg. Tried below before Hon. John Young Gooch.

*J. L. H. Terry* and *John B. Howard,* for plaintiff in error.

*H. E. Lasseter* and *John M. Duncan,* for defendant in error.

GARRETT, Chief Justice.—This action was brought by Elbert Lakey against the Texas & Pacific Railway Company to recover damages for personal injuries received by the plaintiff while in the employment of the defendant, through its alleged negligence. A jury was impaneled to try the case, and after the evidence had been heard the court instructed the jury to return a verdict for the defendant, which was done, and judgment was rendered in its favor. The plaintiff has assigned as error: "The court erred in instructing the jury to return a verdict for the defendant." The defendant objects to our consideration of this assignment for the reason stated that it is too general in its terms, and does not distinctly specify the grounds of error relied on or point out that part of the proceedings contained in the record in which error is complained of in a particular manner so as to identify it. We have had occasion recently to pass upon a similar assignment and held that, under a liberal construction of the rules 25 and 26, it was sufficient. McCarthy, Admr., v. Mutual Reserve Fund Life Assn. May 28, 1903.)

Plaintiff was at work with a gang of eight or ten men under a foreman laying steel or building track. The rails were being taken for that purpose from a hand car called the "steel car" or "push car." There were other men behind doing back-spiking, but those at the car were doing the same work. The rails were taken or dragged off the car over a dolly fixed in the end of the car and thrown onto the ties and heeled. In dragging a rail off the car four or five of the men would take hold of the front end and pull it over the dolly with their backs to the car, and two or three of them would remain behind to put the rail in place and guide it. It was the business of one of the men called "the caller" to

watch the rail and when it got over the dolly to near t᷉ end of the rail to call "steady," and the men would stop and steady themselves and prepare to throw the rail off onto the ties. The caller would then call "long launch," or "long drag," and the men would throw the rail. At the time the plaintiff was injured he was with the men in front dragging a rail off the hand car and the caller failed to call "steady," and the rear end of the rail was dragged off the dolly and dropped to the ground and the jar caused the men in front to drop their end and it fell on the plaintiff's foot and injured him. The foreman was present. The caller had no control of the men except that he was designated by the foreman as "caller," and in the discharge of his duties as such caller the signal "steady" and "long launch" or "long drag" for the men to act together in the throwing of the rail.

If the plaintiff and the caller by whose negligence the plaintiff was injured were fellow servants, the defendant would not be liable for the resulting damages unless the push car was a car within the meaning of Article 4560f, Sayles' Revised Statutes, and the men were engaged in the work of operating the car. The plaintiff and the caller were working together to the common purpose of unloading the steel rails from the car and laying them upon the ties and heeling them ready to be spiked. They were at work under the direction of a foreman, and the caller had no control of the men, but his simple duty was to call out the movements to be made by them so as to secure concert of action and to prevent the throwing of the rail until all were ready for it. The statute defines who are fellow servants, and the facts bring the plaintiff and the caller and the other men laying steel clearly within its terms. Sayles' Rev. Stats., art. 4560h. They were fellow servants. Were they operating the car? Plaintiff relies on the case of Texas and P. Ry. Co. v. Webb, 31 Texas Civ. App., 498, 7 Texas Ct. Rep., 34, as authority that they were. It seems to be very well settled that the steel car was a car within the meaning of the statute. Railway Co. v. Webb, supra. In the case relied on Webb and a fellow servant, Greathouse, were engaged in loading stone at a quarry on a push car which, when loaded, they ran down an inclined switch track to a rock crusher. Their duty was to load the car, mount and start it and control its movements by brakes, and after unloading it at the rock crusher, to push it back to the quarry for another load. While they were loading the car Greathouse negligently threw a stone on Webb's foot and injured it. The Court of Civil Appeals for the Second District, in an opinion by Chief Justice Conner, which reviews the authorities and discusses the question in a thorough manner, held that Webb and Greathouse were engaged in the operation of a car, and affirmed a judgment in Webb's favor for damages. A writ of error has been refused by the Supreme Court. From the statement of the Webb case it appears that the car was being operated on the defendant's railroad. In the case under consideration the men were laying steel in the construction of a railway track. They were not loading, transporting and unloading the rails, and for that purpose

operating the car, but their work consisted of taking the rails from the car, or unloading them only so far as the car was concerned, not ending there, however, but ending only with the laying of the rails on the ties and heeling them ready for the spikers. The distinction between the two cases lies in the employment or work the men were engaged in. In Webb's case they were transporting stone and for that purpose were operating the car. In the present case the men were engaged in track laying, and for convenience in handling the steel rails were laid on a hand car from which, over a dolly fixed in the front end, they were dragged into place. The plaintiff's gang were not engaged in the operation of a car, and the plaintiff has failed to show any liability on the part of the defendant for the damages sustained by him, and the court did not err in directing a verdict for the defendant. The judgment of the court below will be affirmed.

*Affirmed.*

Writ of error refused.