GULF, COLORADO AND SANTA FE RAILWAY COMPANY V. WILLIE JOHNSON ET AL.

Decided June 21, 1907.

**1.—Personal Injuries—Fellow Servant.**

Members of a section gang who are engaged in loading steel rails upon a push-car, pushing the car a certain distance along the track and then unloading the rails, are not fellow servants under the provisions of the statute defining who are fellow servants. Lakey v. Railway Co., 75 S. W. Rep., 566, distinguished.

**2.—Negligence—Fact Case.**

In a suit for personal injuries received by a section hand while loading steel rails upon a push-car, evidence considered and held to indicate that the accident fell in the category of risks incident to the particular employment, and not to indicate negligence on the part of anyone.

ON REHEARING.

**3.—Section Hands—Fellow Servant.**

Where the proof showed that the plaintiff was a member of a section gang and that in loading steel rails upon a hand-car he was subjected to no greater or different danger than he was daily as a section hand; that in the absence of the car, rails were daily lifted and carried from one place to another, and that on the occasion in question the presence of the car upon the track, as the ultimate destination of the rail, had no more to do with his injury than if it was not intended to load the car, the plaintiff and the other members of the section gang were fellow servants while engaged in such work.

**4.—Negligence—Loading Rails—Fellow Servant.**

Where the evidence showed that the members of a section gang while engaged in loading rails upon a car stepped upon a loose rail on the ground when there was a safe place for their feet and it was obvious that the rail would likely turn if stepped upon, it was sufficient to support a finding of negligence.

Appeal from the District Court of Washington County. Tried below before Hon. E. R. Sinks.

J. W. Terry and A. H. Culwell, for appellant.—Plaintiff and other members of the gang were carrying a steel rail. Some members of the gang turned loose the rail; by reason thereof such additional weight was thrown upon the plaintiff as to cause this accident. Each member of this gang, including plaintiff, was in the common service of the defendant as a railroad corporation. They were each in the same grade of employment doing the same character of work, working together at the same time and place and at the same piece of work and to a common purpose. None of them were engaged at the time in the work of operating cars, locomotives or trains of

the defendant company. It being undisputed that each and all of these facts are true this plaintiff is not entitled to recover. International & G. N. Ry. v. Still, 13 Texas Ct. Rep., 373; Galveston, H. & S. A. Ry. Co. v. Cloyd, 9 Texas Ct. Rep., 31; Lakey v. T. & P. Ry. Co., 75 S. W. Rep., 566; Lawrence v. T. C. Ry., 61 S. W. Rep., 342.

*Mathis, Buchanan & Rasberry,* for appellees.

GILL, CHIEF JUSTICE.—This suit was brought in behalf of Willie Johnson to recover damages for personal injuries alleged to have been suffered by him as a result of the negligence of the defendant railway company while he was in its employ as a section hand engaged with other members of the gang in loading heavy steel rails on to a push-car to be transported a short distance and laid upon the track; that he was an inexperienced minor 19 years old, did not know and had not been warned of the dangers of the work and that his injuries were due to the negligence of other members of the gang in dropping the rail they were carrying without warning him.

Defendant pleaded general denial, contributory negligence, assumed risk and that the men who caused his injury were his fellow servants.

A trial by jury resulted in a verdict and judgment for plaintiff for $400 and defendant has appealed.

Willie Johnson's own statement of the accident is in substance as follows:

He was 19 years old and had been in the employ of defendant as a section hand, engaged in taking up and laying steel rails, for about a month at the time of the accident. He was otherwise inexperienced. On the day of the accident he was engaged in "turning steel," by which is meant turning the new teel around so that the proper side of the rail would be on the inside of the track when laid. The new steel rails had been scattered along each side of the track when unloaded from the train which transported them. As all of them were not in their proper place as they fell it was necessary to move some of them a short distance along the track. For this purpose the men used a push-car on which they would load the rail, push the car the distance required and unload and place each rail at its proper place for laying in the track. The rails were from 30 to 33 feet in length and weighed about 900 pounds. Twelve men were engaged in handling them. The foreman ordered the men to pick up a rail which was lying about four steps from the track. They did so and as they were carrying it to the car one or two of the men next to plaintiff stepped on another rail which turned and caused them to stumble and let the rail down. Plaintiff had hold of the extreme end and the rail went down so suddenly when the others fell he had not time to let go, and the whole weight fell on him pulling him down and catching his hand against the other rail. The accident resulted in the loss of a part of two of his fingers. They had not used the push-car but once that morning. The foreman had directed them to take the outside rail of a pile of several new rails which had been thrown near the end of a bridge. It was one of these that turned when the two men stepped on it.

The second assignment presents the defense of fellow servant. The facts upon the point are undisputed. We are of opinion that the men whose fall caused the accident were not fellow servants of plaintiff under the provision of the statute defining who are fellow servants.

In reaching this conclusion it has been necessary to distinguish this case from the case of Lakey v. Texas & Pac. Ry. Co., 75 S. W. Rep., 566, wherein it was held that those engaged in unloading material from a push-car were fellow servants under our statute defining fellow servants. In that case the man injured was with his colaborers engaged in unloading a rail from a push-car, he being a member of a section gang engaged in laying steel. He, however, had nothing to do with transporting the car from the point where it was loaded. It was his duty simply to assist in taking the steel from the car and laying it in the track. Upon this fact Judge Garrett, who wrote the opinion in that case, distinguished it from Webb v. Texas & Pacific Ry., 72 S. W. Rep., 1044. In the latter case a crew of men were engaged in loading a push-car with stone at a quarry, pushing it a considerable distance to a crusher where it was by them unloaded, when they would return for another load. One member of the crew dropped a stone upon a colaborer and injured him. In an opinion upheld by our Supreme Court, the Court of Civil Appeals at Fort Worth held that the party injured was not a fellow servant of the servant who injured him because they were engaged in operating a car and came within the statutory exception.

We are unable to distinguish this case upon that point from the Webb case, and it is clearly distinguishable from the Lakey case, *supra,* in that plaintiff was one of the crew whose duty it was to load, push and unload the push-car. The assignment presenting the question of fellow servant is therefore overruled.

We think, however, the eighth assignment should be sustained, which is in substance that no negligence is shown, but rather an accident due to the fault of no one. The men were sent to lift and move to the car one of several rails lying in a promiscuous pile. The plaintiff having hold of the end did not have to step on or across the other rails. The two men nearest him did. In crossing the several loose rails they placed their feet on one which turned and caused them to stumble and let the rail down. There is nothing to indicate that they were negligent in so doing. We think the accident falls in the category of risks incident to the particular employment, and we are unable to find from the record that any one was in fault. Indeed, counsel does not point out the respect wherein the servants were negligent except to intimate that they should have placed their feet on the ground and not on the loose rails, but the facts show that it was necessary to cross these loose rails, the number of which are placed by plaintiff's witnesses at 12 or 13.

We are of opinion the facts show no liability, and the judgment is therefore reversed and here rendered for appellant.

*Reversed and rendered.*

At a former day of this term we reversed the judgment of the trial court in this cause and rendered judgment for appellant on the theory that under the undisputed and fully developed facts no negligence was shown.

We concluded with much doubt that under the statute and the facts the plaintiff and his colaborers were not fellow servants, following Webb v. Ry., 72 S. W. Rep., 1044, which we were inclined to think was decisive. Upon further consideration and investigation we have concluded that in this we were in error. It is true it is well settled that those operating a hand-car or a push-car come within the exemption of the statute defining who are fellow servants. In this case, however, there is more than one feature that excludes the injured party from the provisions of the statute. In the first place, his essential employment was that of a section hand whose duty it was to repair the track and lay and spike new steel. Section hands, however, use hand-cars, and if one is injured while operating the hand-car either in going to or returning from his work or in otherwise operating it, he would doubtless not be held to be a fellow servant with his colaborers on the car. But there must be some point where he ceases to be simply a section hand and becomes in a legal sense an operative of the car.

In Lakey's case, 75 S. W. Rep., 566, Justice Garrett speaking for this court held that a member of a section gang unloading iron rails from a push-car was not exempt from the fellow servant rule. He seems to have rested the distinction upon the fact that Lackey was a member of. the section gang engaged in his employment as such, and had nothing to do with the operation of the car.

If to pick up an iron rail for the purpose of placing it on a push-car for transportation to another point by pushing the car renders a man an operative of the car, and those who load but do not push the car are not, then if the entire section gang had been assigned to the duty of carrying rails to the car and placing them thereon, and half the gang had been assigned the further duty of pushing the car, we would have the absurd result of all the men being engaged in the same piece of work at the same time and place, working in the same grade of employment for a common master to a common purpose, their work being of the same nature and equally dangerous to all, yet one rule of liability applying to one part of the gang and a different rule to the other. If merely carrying a load to a standing car is operating a car they were all alike operatives, a conclusion inconsistent with the principle laid down in Lakey's case, *supra.*

In Webb's case, *supra,* a careful examination of the opinion discloses that the sole duty of Webb and his co-servant was to pick up and load upon the car broken rock (placed by others upon each side of the car for the purpose) and to mount and control the car by the use of the brakes in its downward progress to its destination. Webb's co-servant, loading from the opposite side, so threw a rock upon the car that it rolled to the other side and fell upon Webb. The injury was therefore the result of an accident occurring in connection

with the car itself and with which the car itself had probably something to do.

Here the proof shows that in what the plaintiff was doing he was subjected to no greater or different danger in lifting the rail than he daily was as a section hand. That in the absence of the car, rails were daily lifted and carried to the track and placed in position by the same process and in the same way. The presence of the car upon the track, as the ultimate destination of the rail, had no more to do with the accident than if the car had been at some distant point and not designed to be loaded. The fact is, the section gang was engaged at the time of the accident in lifting a rail from the ground for the purpose of carrying it to the car, and no more. It must be borne in mind that the exemption of train operatives alone from the fellow servants rule can be justified only by the extra hazardous nature of the employment. It is not to be presumed that the Legislature in passing the Act intended to go beyond its constitutional power. We have concluded that the facts of this case bring the plaintiff neither within the letter nor the spirit of the Act. The principle announced in the case of Railway v. Howard, 97 Texas, 513, strongly supports our conclusion upon this point. In discussing the terms of the statute Justice Brown uses the following language:

"The terms of the statute are that the persons while engaged in the work of operating cars, etc., are protected against the negligence of any employee of the company. The word 'while' places a time limit upon this protection and means during the time such employee may be engaged in the work of operating the locomotive. 'Work' as used in this statute is synonymous with 'act' and means the doing of those things which constitute the operating of the locomotive, etc."

This view of the question appealed strongly to us upon the first hearing, and the writer prepared an opinion disposing of the case upon this theory, but we were in much doubt about it on account of the Webb case, which seems to have had the full approval of the Supreme Court.

This conclusion renders it unnecessary to change our former order reversing and rendering the judgment, though we change our fact findings on the issue of negligence.

Upon this point we followed the plaintiff's version of the facts which, on the face of the briefs, was apparently undisputed. Appellee has filed a strong motion for rehearing minutely reviewing the record from which it is disclosed that on cross-examination one of the two witnesses, whose fall caused the injuries, admitted that when they placed their feet upon the loose rail which turned it was obvious that there was danger of its turning and there was evidence that there was a safe place for their feet. In the mass of question and answer which constitutes the record, these facts escaped our notice. These answers change materially the entire aspect of the record as regards the question of negligence and leads us to conclude, and so find, that the verdict on the issue of negligence is supported by the record. We do not change our finding that the pile of rails numbered twelve or thirteen. Such was the theory upon which plaintiff tried his case. He and all his witnesses so testified, and we decline to find in favor

of the verdict that there were only three rails in the pile as stated by the section foreman. If the finding was necessary to the support of the verdict we would refuse to approve it on the issue of negligence.

For the purposes of the further progress of this litigation we find that plaintiff was without fault; that his injuries were due to the negligence of his co-laborers who were lifting the rail with him; that he was thereby injured to the amount of the verdict; that no errors were committed in the trial of those issues which would require a reversal of the judgment, and that unless we have reached a right conclusion on the issue of fellow servant, the judgment should be affirmed. The motion for rehearing is overruled.

*Overruled.*

Writ of error refused.