HOUSTON BELT & TERMINAL CO. v.
GLOVER. (No. 51-2726.)

(Commission of Appeals of Texas, Section A.
June 25, 1919.)

1. MASTER AND SERVANT ⬤=180(6)—INJURY TO SERVANT—NEGLIGENCE OF FELLOW SERVANT—RAILROAD EMPLOYÉS OPERATING CARS.

Protection against the negligence of a fellow servant under Rev. St. 1911, art. 6640, is not given those employed to operate a car, locomotive, or train, but to those who at the time of injury are actually engaged in the act or work of such operation.

2. MASTER AND SERVANT ⬤=180(6)—INJURY TO SERVANT—NEGLIGENCE OF FELLOW SERVANT—"OPERATION OF CAR."

One assisting in operating a derrick on a wrecking car used in unloading another car is not engaged in the "operation of a car," within Rev. St. 1911, art. 6640, protecting against the negligence of a fellow servant.

3. APPEAL AND ERROR ⬤=742(1) — ASSIGNMENTS OF ERROR—PROPOSITION—WAIVER OF QUESTIONS.

Where an assignment of error touching liability for negligence of a fellow servant was followed by a proposition relying on Rev. St. 1911, art. 6640, the Court of Civil Appeals rightfully refused to consider later contention that article 6648 was the applicable article.

Hawkins, J., dissenting.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by W. J. Glover against the Houston Belt & Terminal Company. Judgment for defendant, and plaintiff brought error to the Court of Civil Appeals, where the judgment was reversed and the cause remanded (163 S. W. 1063), and plaintiff brings error. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed.

Andrews, Streetman, Burns & Logue, of Houston, for plaintiff in error.

J. M. Gibson, J. M. Finn, and W. W. Wander, all of Houston, for defendant in error.

SONFIELD, P. J. Plaintiff, William J. Glover, was in the employ of defendant, Houston Belt & Terminal Company, a railway corporation operating a railroad within this state, and, while engaged in duties connected with his employment, received personal injuries for which he sought to recover damages herein. The trial before a jury resulted in a verdict and judgment in favor of defendant. On appeal, the judgment of the district court was reversed and the cause remanded for a new trial. 163 S. W. 1063.

[1] Many errors were assigned in the Court of Civil Appeals, but the reversal was based upon the eleventh assignment of error.

This assignment complains of a paragraph of the court's charge directing a verdict for defendant if the jury believed "that plaintiff's injuries, if any, were sustained through the negligence of his coworkers on said car other than Phillips." In plaintiff's brief, the following proposition of law accompanied the assignment:

"This was against the law. The plaintiff was engaged in operating a car propelled by steam, which was moving from point to point by the force of its own power, unloading metal track crossings and frogs for the construction of switch tracks, and he was within the meaning of article 6640, Revised Civil Statutes, which

gives the right of recovery for injuries for negligent acts of fellow servants."

Phillips, mentioned in the charge, was the foreman under whom plaintiff and his co-employés were working at the time of the alleged injuries to plaintiff. The charge limited defendant's liability to the negligence of the foreman, denying recovery to plaintiff in the event such injuries were the result of the negligence of a fellow servant.

Article 6640, R. S. 1911, provides as follows:

"Every person, receiver, or corporation operating a railroad or street railway, the line of which shall be situated in whole or in part in this state, shall be liable for all damages sustained by any servant or employé thereof while engaged in the work of operating the cars, locomotives or trains of such person, receiver, or corporation, by reason of the negligence of any other servant or employé of such person, receiver or corporation, and the fact that such servants or employés were fellow servants with each other shall not impair or destroy such liability."

If, as held by the Court of Civil Appeals, plaintiff was injured "while engaged in the work of operating" a car, the charge is erroneous in exempting defendant from liability for the negligence of plaintiff's fellow servants. We concur in the conclusion of the Court of Civil Appeals that the negligence of plaintiff's fellow servants was sufficiently pleaded.

The following are the pertinent facts: At the time of the injury, plaintiff was one of a crew of men engaged in unloading certain metal forms, referred to in the record as crossings or frogs, from a coal car in defendant company's yards in Houston, under direction and control of defendant's foreman, Phillips. A wrecking car was used in the unloading. The coal car was attached to the wrecking or derrick car. On the morning of the accident, the two cars were brought by a switch engine to a switch in the yards. Arriving at the switch, same was thrown by plaintiff. Built upon the wrecking car was a long boom or derrick, from the outer end of which hung a cable, and upon the end of the cable was a large hook; chains would be wrapped around the forms, the cable mentioned pulled down and hooked to the chains around the forms. The boom was operated by a steam engine on the derrick car, and when the hook at the end of the cable had been attached to chains around forms, upon signal from Phillips, the engineer upon the wrecker would apply the power and lift the forms out of the car. While one of the forms was being thus lifted, it swung towards the side of the car where plaintiff was standing, and he, thinking he was in danger therefrom, leaped from the car, sustaining the injuries complained of. The power on the derrick car could be applied to run the boom machinery, or the clutch of the car could be shifted and it could then be moved slowly under its

own power. When used for unloading, as it was at the time of the injury to plaintiff, the car was stationary.

Protection against the negligence of a fellow servant under article 6640, Revised Statutes, is not given those employed to operate a car, locomotive, or train, but to those who at the time of an injury are actually engaged in the act or work of such operation. Ry. Co. v. Howard, 97 Tex. 513, 80 S. W. 229. In that case, the court said:

"Counsel for defendants in error contends that that article gives right of action to persons who are employed to perform the classes of work named therein. If that be a correct construction of the statute, then Howard, being employed for the purpose of moving locomotives into the roundhouse, would come within its terms. We agree with the Court of Civil Appeals, that if Howard was engaged in the work of operating the locomotives, defendants in error should recover. The terms of the statute are, that the persons while engaged in the work of operating the cars, etc., are protected against the negligence of any servant or employé of the company. The word 'while' places a time limit upon this protection, and means 'during the time such employé may be engaged in the work of operating the locomotive.' 'Work,' as used in this statute, is synonymous with 'act,' and in its connection means the doing of those things which constitute operating the locomotives, etc., and the person so engaged is protected against the negligence of any other employé during the time he is engaged in the act of operating the machinery. If Howard had been upon the locomotive or had been working in connection with it for the purpose of moving it into the roundhouse the case would come within the terms of this statute; but the evidence does not so place him."

In Ry. Co. v. Anderson, 102 Tex. 402, 118 S. W. 127, the court reviewed the above case and that of Ry. Co. v. Johnson, 47 Tex. Civ. App. 74, 103 S. W. 447, and declared that the doctrine stated in these cases may be regarded as settled. The court thus states the doctrine:

"The liability declared by this statute does not rest upon the mere fact that the injured servant is employed to do the work of operating trains, cars, etc., but upon the fact that, at the time he is hurt, he is engaged in that work, and this for the reason that it is the character of the work that gives rise to dangers incident to it."

[2] Plaintiff at the time of his injury was engaged in assisting in the operation of the derrick. The derrick was upon a car, but its functions were essentially distinct from those of the car, and its operation was not the operation of a car within the meaning of the statute. The power of the derrick car could be applied to run the boom machinery, or its clutch could be shifted and it could then move slowly under its own power. If at the time of the injury the car was thus moving and plaintiff assisting in its movement, he

would have been engaged in the operation of a car. At the time of his injury plaintiff had nothing whatever to do with the movement of the derrick car, but was engaged in assisting in the unloading of the metal forms from the coal car. The derrick car at this time was simply an unloading device. When thus used, it was stationary, and its clutch so thrown that it could not be moved at all under its own power. The fact that plaintiff had thrown the switch when the derrick car moved on to the siding, some time before his injury, is wholly immaterial; the test being the work in which he was actually engaged at the time of his injury. We conclude that plaintiff at the time of his injury was not engaged in the work of operating the car, nor in any work in connection with the operation of the car or in the actual use of the car in its function of moving along the track, within the purview of article 6640.

[3] As before stated, the reversal was predicated upon the eleventh assignment of error, which assignment of error, together with the proposition accompanying the same, is set out above.

The Court of Civil Appeals, after stating that in the consideration of the assignment it was limited to the supporting proposition, said:

"The only question, therefore, which we will consider, is plaintiff's right to recover for the negligence of his fellow servants under provisions of article 6640, R. S., pretermitting any discussion of liability for the negligence of a fellow servant upon a phase of the case readily apparent but not urged."

In its opinion on motion for rehearing, the court said:

"The plaintiff in error, in a reply filed to the motion for rehearing, states that, after briefing the case and after its submission, he noticed he had failed to call this court's attention to the fact that the provisions of the Employers' Liability Act, article 6648, Rev. Stat. of 1911, is applicable, rather than article 6640, since the accident to plaintiff occurred on April 21, 1910. As stated in the opinion, we purposely pretermitted any discussion of liability for the negligence of fellow servants upon a phase of the case readily apparent but not raised, for the reason that plaintiff in error's assignment and supporting propositions were predicated solely upon the applicability of article 6640, and, under the authorities cited in the opinion, we were confined in our consideration of the assignment to that position. As was intimated in the opinion, the applicability of article 6648, rather than article 6640, was readily apparent; but it is not within the province of this court to reverse cases for errors not assigned and not presented, unless they be fundamental in their nature, or of such character otherwise that same should be passed upon without assignments."

Defendant in error insists that the Court of Civil Appeals erred in thus limiting the assignment of error to its supporting proposition and in considering same with reference only to article 6640.

This question was submitted to the Supreme Court, and the court has indicated to the commission that, in its opinion, the Court of Civil Appeals was correct in the view taken of the question. The Supreme Court is of opinion that the failure of defendant in error herein, who was plaintiff in error in the Court of Civil Appeals, to raise the question that the charge was erroneous under article 6648, by a sufficient proposition, amounted to a waiver of the question; that it is evident from the record that the assignment of error and supporting proposition was not intended to refer to article 6648, this being verified by the statement of defendant in error's counsel that he had entirely overlooked this article. The case was tried on the theory of liability for negligence of a fellow servant only in the event plaintiff, at the time of his injury, was engaged in operating a car, locomotive, or train, as provided in article 6640.

The Supreme Court regards the rule which limits the assignment to its supporting proposition as wholesome, and, in view of the fact that it has been so long applied and well understood, is not inclined to depart from it.

We are therefore of opinion that the judgment of the Court of Civil Appeals should be reversed, and that of the district court affirmed.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.

HAWKINS, J., dissents and will file an opinion.