**RUTT et al. v. CRAVENS, DARGAN & CO.**
**No. 2524.**

Court of Civil Appeals of Texas. Beaumont.
June 4, 1934.

Rodman S. Cosby, of Houston, for appellants.

Campbell, Myer & Myer, of Houston, for appellees.

WALKER, Chief Justice.

This was a suit by appellees, Cravens, Dargan & Co., a copartnership, and its individual members, against Ed. L. Flinn and appellants L. L. Rutt, Winter Keen, E. Conway Broun,

C. L. Rutt, Gene Pipkin, and W. F. Warfield, of the following nature: To recover against Flinn the balance of an insurance account in the sum of $6,232.12 due by him to appellees; and against appellants, as sureties of Flinn, the sum of $5,000, with reasonable attorney's fees, under a bond in that sum given to secure the payment of the insurance account. On trial to a jury, there was no issue as to the amount of appellees' demand against Flinn, but the jury found credits in the sum of $925 in Flinn's favor; the jury also fixed the amount of the attorney's fees on the bond at $900. Judgment was entered in favor of appellees against Flinn for the amount of their demand, less the credits found by the jury, and against the sureties for $5,000, the full amount of the bond, with attorney's fees. Only the sureties have appealed.

■ There is no merit in the contention, submitted by appellants as fundamental error, that the judgment appealed from was for the gross sum of the account claimed against Flinn and the bond with attorney's fees, making the gross amount recovered by appellees more than $11,000. The judgment limited appellees' recovery to the amount of their demand against Flinn, and was to the further effect that the judgment on the bond was merely to secure the payment of that amount.

■ Appellants have not included their assignments of error, if any they have, in their brief. The propositions as submitted cannot, to any extent, be construed as assignments of error, except on the proposition of fundamental error, already discussed. Assignments of error in the brief are absolutely essential to give the Court of Civil Appeals jurisdiction to review the propositions of law relied upon as constituting error.

But, if the propositions were to be construed as assignments of error, the statements made by appellants are insufficient to constitute a basis of review. The transcript in this case consists of 138 typewritten pages, and the statement of facts of 514 typewritten pages. Appellants' brief contains 10½ pages, divided as follows: One page, statement; three pages, propositions; seven pages, a restatement of the propositions, statement made in support thereof, and arguments. No citation of authorities are given. The statements are so incomplete that error, if any, is not disclosed. It follows, of course, that appellants have presented nothing for review by their briefs, except the suggestion of fundamental error referred to above and overruled.

The judgment of the lower court is in all things affirmed.

Affirmed.