Wm. J. R. King, of Austin, for appellant.

Hatchell & Hatchell and Robert E. Mitchell, all of Longview, for appellees.

HALL, Justice.

On the 22nd day of June, 1935, appellant secured a judgment against appellee Adair Heath in the sum of $915.79 for materials and supplies furnished appellee Heath, and foreclosure of a mechanic's and materialman's lien on certain equipment alleged to be the property of appellee Heath and located in Gladewater, Texas. At a later date execution was issued out of the District Court of Gregg County and delivered to the sheriff of said county who levied on the equipment covered by said judgment. Appellees secured an injunction preventing the sheriff from making the sale of said equipment. This suit was instituted by appellant against appellees for alleged damages growing out of the alleged wrongful

## GELFAND v. HEATH et al.

### No. 5334.

Court of Civil Appeals of Texas. Texarkana.

Jan. 19, 1939.

issuance of said injunction. Trial was had before a jury, and at the conclusion of the testimony the trial court instructed the jury to return a verdict for appellees and judgment was entered for appellees accordingly. Appellant has appealed to this court.

 The case is before this court without any assignments of error either in the transcript or in appellant's brief, and we are authorized to examine the record for fundamental error only. True, the brief of appellant contains certain propositions of law, but they would not reach an error not properly assigned, unless fundamental in nature. This precise question was before the Commission of Appeals on certified questions in the case of Clonts et al. v. Johnson, 116 Tex. 489, 294 S.W. 844, 846, and that court in an opinion approved by the Supreme Court, said:

"First. Where an appellant or plaintiff in error wholly fails to copy any assignments of error in his brief, the Court of Civil Appeals should confine its consideration of the case to those fundamental errors apparent on the face of the record. Its authority to revise the action of the lower court is limited to those questions (not fundamental) duly assigned as error, and it has no discretion, even though it thinks the ends of justice require such course, to substitute a method of its own for reviewing the judgment of the lower court for that method prescribed by the lawmaking power. While it is not necessary that the assignments required to be filed below should be literally copied into the brief, yet they must be at least substantially reproduced. Rule 32 Court of Civil Appeals, and rule 101a, district and county courts; Seby v. Craven Lumber Co. (Tex.Civ. App.) 259 S.W. 1093; Equipment Co. v. Luse (Tex.Civ.App.) 250 S.W. 1104; Green v. Shamburger (Tex.Civ.App.) 243 S.W. 601; Carey v. Tex. Pac. Coal & Oil Co. (Tex.Civ.App.) 237 S.W. 309; Green v. Hall (Tex.Com.App.) 228 S.W. 183. There is a substantial difference between an assignment of error and a proposition submitted thereunder. The one complains of some action of the court, and the other merely sets forth the reasons why such action is erroneous. It takes the assignment to reach the ruling, and it is the ruling that is to be reviewed by the appellate court. Roberson v. Hughes (Tex.Com.App.) 231 S.W. 734; McDaniel v. Turner (Tex.Civ. App.) 269 S.W. 496; International Travelers' Ass'n v. Griffing (Tex.Civ.App.) 264 S.W. 263; Ford & Damon v. Flewellen (Tex.Civ.App.) 264 S.W. 602; Chenault v. Honaker (Tex.Civ.App.) 261 S.W. 825." 2 Tex.Jur. p. 826, Sec. 582.

We have examined the record in this case for fundamental error, and conclude that the judgment of the court below is amply supported by the record.

Therefore the judgment of the trial court is in all things affirmed.