**CENTRAL POWER & LIGHT CO. v. HEDER.**

No. 10617.

Court of Civil Appeals of Texas. San Antonio.

Nov. 15, 1939.

Petsch & Usener, of Fredericksburg, for appellant.

Tynan, Davis & Scherlen, of San Antonio, and W. S. Ethridge, of Bandera, for appellee.

SMITH, Chief Justice.

In this case Louis Heder recovered judgment for $250 against Central Power & Light Company, for damages alleged to have been sustained by him as a result of the acts of the corporation's agents in cutting down or mutilating trees growing in Heder's pasture in Bandera County. The corporation has appealed.

Appellant's original briefs filed in this Court do not include any character of assignments of error, and its propositions consist only of abstract statements of what appellant conceives to be the law applicable to the case. In his reply brief appellee points out the absence of assignments of error from appellant's brief, and objects to consideration of the points sought to be raised by appellant in its propositions of law.

It is well settled that in the absence of assignments of error from an appellant's brief, Courts of Civil Appeals are without authority to consider any errors in the record except those which are fundamental and require consideration on appeal even though not assigned by the party appealing. Art. 1757, R.S.1925, as amended by the Acts of 1931, 42 Leg. p. 68, Ch. 45, § 1, Vernon's Ann.Civ.St. art. 1757; Art. 1844, R.S.1925, as amended by the Acts of 1931, 42 Leg. p. 117, Ch. 75, § 1, Vernon's Ann.Civ.St. art. 1844; 3 Tex.

Jur. p. 835, § 588; Lamar-Delta Dist. v. Dunn, Tex.Com.App., 61 S.W.2d 816; Clonts v. Johnson, 116 Tex. 489, 294 S.W. 844; Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270; Blackmon v. Trail, Tex.Com. App., 12 S.W.2d 967; Natkin Engineering Co. v. Aetna Co., Tex.Com.App., 37 S.W.2d 740; Western Union Life Co. v. Ensminger, Tex.Civ.App., 103 S.W.2d 162; Bartlett v. Gulf Production Co., Tex.Civ. App., 64 S.W.2d 816; National Life & Accident Ins. Co. v. Patterson, Tex.Civ. App., 94 S.W.2d 189; Sweatt v. Tarrant Co., Tex.Civ.App., 108 S.W.2d 700; Commercial Credit Co. v. Williams, Tex.Civ. App., 87 S.W.2d 499; Miller v. Fenner, Tex.Civ.App., 89 S.W.2d 506; Guaranty Mtg. & Realty Co. v. L. E. Whitham, Tex. Civ.App., 93 S.W.2d 512; Adams v. Jones, Tex.Civ.App., 107 S.W.2d 450, 454; Gavin v. Webb, Tex.Civ.App.; 99 S.W.2d 372, 373; Texas & P. Ry. v. Leach, Tex.Civ. App., 106 S.W.2d 836; Peck v. Morgan, Tex.Civ.App., 156 S.W. 917; Pure Oil Co. v. Pope, Tex.Civ.App., 75 S.W.2d 175; St. Louis, S. W. Ry. v. Packing Co., Tex. Civ.App., 253 S.W. 864; Glover v. Houston Belt & T. R. Co., Tex.Civ.App., 163 S.W. 1063, Id., Tex.Com.App., 213 S.W. 597; Greene Gold-Silver Co. v. Silbert, Tex.Civ. App., 158 S.W. 803; Rutt v. Cravens, Tex. Civ.App., 72 S.W.2d 312; Gelfand v. Heath, Tex.Civ.App., 124 S.W.2d 1017.

Under the authorities cited it seems that in the absence of assignments of error from appellant's brief, the appellate court is "without authority" or discretion to revise the action of the trial court, except upon fundamental error, or, quoting from an opinion by Judge Speer in Clonts v. Johnson, 116 Tex. 489, 294 S.W. 844, 846, quoted and reaffirmed in an opinion by Judge Critz in a subsequent case: "Where an appellant or plaintiff in error wholly fails to copy any assignments of error in his brief, the Court of Civil Appeals should confine its consideration of the case to those fundamental errors apparent on the face of the record. Its authority to revise the action of the lower court is limited to those questions (not fundamental) duly assigned as error, and it has no discretion, even though it thinks the ends of justice require such course, to substitute a method of its own for reviewing the judgment of the lower court for that method prescribed by the lawmaking power." Natkin Engineering Co. v. Aetna Casualty & Surety Co., Tex.Com.App., 37 S.W.2d 740.

 As stated, no assignments of error, nor anything purporting to be such, were included in appellant's brief. It is true, appellant briefed its case on certain propositions, but in those propositions it does not purport to complain of any specific rulings of the court such as might be construed in our discretion as assignments of error, but simply pronounced in general terms certain abstract statements of what appellant conceived to be the law applicable to the case. Such propositions cannot be given effect as assignments of error as contemplated by the statute and the decisions thereunder. It is so held in many of the authorities cited above. As was said by Judge Speer for the Commission of Appeals in Clonts v. Johnson, supra, and quoted with approval in Natkin v. Aetna, supra [37 S.W.2d 741]: "There is a substantial difference between an assignment of error and a proposition submitted thereunder. The one complains of some action of the court, and the other merely sets forth the reasons why such action is erroneous. It takes the 'assignment to reach the ruling, and it is the ruling that is to be reviewed by the appellate court. [Citing authorities.]

"It follows from the above holding that the Court of Civil Appeals was without authority to pass on anything in this case except fundamental error."

 Appellant, without citing authorities, contends that the foregoing rules and the statutes and decisions supporting them were superseded by the enactment of Art. 1844, as amended by the Acts of 1931, and that, therefore, it was not necessary to set up any assignments of error in its brief. There is no merit in this contention, for it has been repeatedly held by the Supreme Court and Courts of Civil Appeals, that the passage of the amendment to Art. 1844 had no other effect than to repeal the then existing requirement that an appellant's assignments of error be filed in the trial court, and did not affect the statute (Art. 1757, R.S.1925, as amended, Vernon's Ann.Civ.St. art. 1757), providing that an appellant incorporate his assignments of error in his brief, which, as uniformly held in the authorities, is still mandatory. Lamar-Delta Dist. v. Dunn, supra; Gavin v. Webb, Tex.Civ.App., 99 S.W.2d 372; Perry v. Venable, Tex.Civ.App., 112 S.W. 2d 1069; Western Union Life Co. v. Ensminger, Tex.Civ.App., 103 S.W.2d 162;

Miller v. Fenner, Tex.Civ.App., 89 S.W.2d 506.

■■ After appellant filed its briefs, in which no assignments of error were included, appellee timely filed his reply brief, calling attention to the omission from appellant's brief, and insisted upon his right, vouchsafed him by the statute, to have appellant's appeal decided solely upon fundamental error, if any, and urging that the judgment be affirmed, because of the fatal defect in appellant's briefs, and because no fundamental error appears in the record. Thereafter, however, on the day the cause was submitted in this court, appellant filed what it terms its "supplemental brief," in which it listed what it terms its assignments of error, and insisting that they be considered as if incorporated in its original brief. It seems obvious that such belated action cannot be given effect to cure the fatal defect in the original briefs. The wise purpose of the statutory requirement that an appellant incorporate his assignments of error in his briefs, is to put the appellate court and appellee upon notice of the errors relied upon by appellant as cause for reversal, so as to give appellee an opportunity to intelligently combat appellant's contentions, and, if he can, show why the errors so assigned are without merit. It is obvious that the whole object of the statute would be defeated, and the orderly procedure of the appellate court disrupted, if an appellant may properly present his assignments of error in the appellate court, through supplemental briefs filed on the day the cause is submitted. We hold that the assignments of error belatedly presented by appellant in this case cannot be considered for any purpose. Pure Oil Co. v. Pope, Tex.Civ.App., supra; Glover v. Houston Belt & T. Ry., supra; Greene Gold-Silver Co. v. Silbert, supra; Peck v. Morgan, Tex.Civ.App., 156 S.W. 917, 919. In the case last cited, Peck v. Morgan, it was characteristically and therefore forcefully said by Chief Justice Fly: "A typewritten paper, styled 'Supplemental Brief of Appellant F. M. Peck,' was filed in this court on the day before the cause was submitted, and after the brief had been assailed by appellee on the ground of its failure to comply with the rules. We know of no authority for filing any such document, and, if such procedure is tolerated, amendments to cover disregard of the rules would cure every delinquency in briefing a case, and the appellee be deprived of any benefit derived from such delinquency. However, this court was aware of the presence among the papers of the 'Supplemental Brief,' but was of the opinion that it did not cure defects in assignments of error, which have never been held open to amendments in appellate courts."

■ The result of these several holdings is that appellant has submitted its case in this Court without presenting any assignments of error upon which to base its appeal. We are therefore relegated to the record to ascertain if it discloses fundamental error, and none being apparent, the judgment is affirmed.