## BERNSEN et al. v. McLEROY et al.

### No. 10621.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 15, 1939.

Rehearing Denied Dec. 13, 1939.

Jno. C. North, of Corpus Christi, for appellants.

Sidney P. Chandler, of Corpus Christi, for appellees.

SMITH, Chief Justice.

This appeal is from an order perpetuating an injunction restraining performance of the obligations of a contract executed by a majority of the Board of Trustees of Clarkwood Common School District in Nueces County on the one part, and C. C. Hinchberger on the other, providing for the construction of a school building for the District.

The suit was brought by G. H. McLeroy, one of the three district trustees, joined by other property tax-paying citizens, against the two other trustees, the architect who drew the plans and specifications of the building, the building contractor, and the County Superintendent of Schools, to restrain performance of the contract and prohibit the expenditure under it of the proceeds of a bond issue voted by the

residents of the district for the purpose of constructing and equipping the building.

After overruling the general demurrer and sustaining a special demurrer directed by the defendants below to the plaintiffs' pleadings, and after overruling the general demurrer and sustaining numerous special exceptions urged by plaintiffs to defendants' pleadings, the trial court heard evidence and without the intervention of a jury rendered judgment perpetuating a temporary injunction previously issued. The defendants below have appealed.

No errors are assigned in the briefs of appellants, who present their appeal solely upon nine propositions of law. The first of those propositions is directed at the action of the trial court in overruling their general demurrer to appellees' pleadings, but the remaining eight propositions do not purport to serve any purpose of an assignment of error, or complain of or direct attention to any specific ruling of the court. If appellants intended by those propositions to complain of any ruling or rulings of the trial judge, such intention is not disclosed in the propositions themselves, or elsewhere in the brief, for that matter. Whether it was intended by them to complain of rulings upon exceptions to the pleadings, or of the lack or sufficiency of the evidence to support the judgment, or of the admission or exclusion of evidence, or of implied findings of the trial judge, is not apparent from the propositions themselves, or otherwise in the brief.

■ The ruling of the court upon the general demurrer, being apparent upon the face of the record, is fundamental, and requires consideration from this Court, even though not assigned as error in appellants' brief. But rulings of the trial judge upon specific matters such as in his findings, or upon the admission or exclusion of evidence, or upon special exceptions, and complaints of the lack or sufficiency of the evidence upon the case, must be presented in an appellate court by formal assignments of error, which must be incorporated in the brief of the complaining party, otherwise the appellate court is without authority or discretion to consider them for the purpose of revising the judgment appealed from. Central Power & Light Company v. Heder, 133 S.W.2d 795, this day decided by this Court. The result is that while this Court must consider appellants' first proposition because it complains of the ruling of the trial judge upon appellants' general demurrer and is therefore fundamental, we are without authority to consider the remaining eight propositions; accordingly, they will be disregarded in disposing of the appeal.

■■ We have carefully examined and considered appellees' pleadings in connection with appellants' first proposition complaining of the overruling of their general demurrer. Appellees' pleadings below cover twenty-three pages of the transcript, and it is of course impractical to undertake in this opinion to even fairly summarize the allegations therein. It is deemed sufficient to say, generally, that among many other allegations it was alleged by appellees that the trustees contracted with the architect to prepare plans and specifications for the proposed school building before the bond issue was voted, and with the contractor to construct the building before the proceeds for the sale of the bonds were available to the District, all in contravention of the law, whereby the contracts were void ab initio; that said contracts provided for the expenditure of an amount in excess of that authorized by the election, and was therefore void ab initio; that the election was called and held for the issuance of $28,000 to be expended in both constructing and equipping the proposed building, and the bonds were actually issued, registered, approved and sold on the market for that expressed dual purpose, whereas, the contracts in question provided that the entire proceeds of the issue be expended in constructing, to the exclusion of equipping, the building, and were therefore void. Appellees' pleadings contained other objections to the validity of said contracts, but it is not deemed necessary to notice those objections here. We are of the opinion that the allegations in appellees pleadings, when liberally construed, and taken as true, as they should be when tested by general demurrer, were sufficient to warrant trial thereunder on the merits, and that no reversible error is presented in appellants' first proposition, which is overruled.

■ Appellees' pleadings being sufficient as against the general demurrer and appellants not having complained of the judgment upon any other ground by assignment of error, we must assume that the evidence supported the judgment, which is therefore affirmed.