**THOMPSON et al. v. CORBIN et ux.**

No. 5396.

Court of Civil Appeals of Texas.
Texarkana.

Jan. 31, 1940.

Rehearing Denied Feb. 22, 1940.

Butler & Price, of Tyler, and E. H. Lasseter, of Henderson, for appellants.

Brachfield & Wolfe, of Henderson, and W. H. Sanford and Conan Cantwell, both of Dallas, for appellees.

WILLIAMS, Justice.

This suit is grounded upon an alleged partnership or joint adventure, and involves certain mineral interests acquired respectively by plaintiffs, W. D. Corbin and

wife, Martha, and C. L. Thompson, a defendant, in pursuance to an alleged agreement entered into on or about January 1, 1932, in which each would and did use his best efforts and endeavor to acquire mineral interests in the East Texas oil field. During 1932 and prior to December 7th, plaintiffs in the course of their operations acquired mineral interests in lands in the area. Title to same was taken in the name of plaintiffs. Prior to suit plaintiffs had developed a part of their acquisitions into oil-producing property. During the same period defendant Thompson also acquired mineral interests in the same area. Title to the property so acquired by him was taken in the name of C. L. Thompson and R. W. Fair. Prior to suit some of this property had also been developed into oil-producing property. On December 7, 1932, a charter was filed with the secretary of state which created Fair & Thompson Corporation. The mineral interests so acquired in the name of C. L. Thompson and R. W. Fair, including the oil-producing property, were listed, described and valued as part of the assets of the corporation. According to the affidavit, dated Nov. 22, 1932, filed with the charter, C. L. Thompson and wife, R. W. Fair and wife, and one Smith were named as the incorporators and directors, with Fair its president, Thompson, vice-president, and Smith, secretary. This listed Fair as a subscriber to $49,800 of the stock, Thompson to $49,900, and Mrs. Fair, Mrs. Thompson and Smith each $100.

Plaintiffs in their 4th amended original petition detailed and described the properties still held by them, the properties so acquired in the name of C. L. Thompson and R. W. Fair, and the respective oil-producing leaseholds, and alleged that ½ of the acquired interest in each parcel was assets of and belonged to the partnership of plaintiffs and defendant Thompson. Fair & Thompson Corporation was made a party defendant. Plaintiffs alleged that this corporation had full notice of the rights of plaintiffs at the time it is purported to have acquired title; that Thompson had excluded them from the management and control of the properties acquired by him; and had refused to recognize their interest in same or to render an accounting. Plaintiffs sought a determination of their interest in all the properties hereinbefore mentioned, a dissolution of the partnership, an accounting, partition in kind or by sale, and general relief.

Defendants Thompson and the Corporation filed a joint answer in which they urged a general demurrer and special exceptions, a general denial, a verified denial of partnership, and a plea of not guilty. Defendants further jointly answered in their third amended original answer that if a partnership agreement had been entered, which was denied, plaintiffs by their acts and deeds had repudiated and abandoned such alleged partnership agreement, in that plaintiffs had sold and assigned to others certain mineral interests which plaintiffs had acquired in their name. And that they were now estopped from asserting that such alleged agreement still continues as to any interest acquired by any of the litigants in 1932. The jury found in response to special issues Nos. 10, 11 and 12, that defendant Thompson had agreed to the assignments of the mineral interests which plaintiffs had made to these other persons. As no proposition or assignment attacks these findings, the defense of abandonment and estoppel will not be further noticed.

Defendants' propositions Nos. 1 to 5, inclusive, are directed to the sufficiency of plaintiffs' pleadings (1) to aver a partnership or joint adventure agreement between plaintiffs and defendant Thompson; (2) to impress a trust in favor of plaintiffs in and to the mineral interests acquired by defendant Thompson. That part of the petition pertinent here reads:

"That * * * On or about the first day of January, 1932, the plaintiffs and the defendant, C. L. Thompson, associated themselves together for the purpose of engaging in the oil business in * * * the East Texas oil field * * * and for the purpose of acquiring, developing, operating, selling and dealing in * * * mineral interests in said locality, and said plaintiffs and said defendant, C. L. Thompson, then agreed that during the continuance of such association that the plaintiffs, * * * and the defendant, C. L. Thompson, would each use their best efforts and endeavor to acquire interest in * * * mineral interests in said locality, and agreed that during the continuance of such association they would be partners in the ownership of all such * * * mineral interests acquired by them or either of them, the plaintiffs, W. D. Corbin and Martha A. Corbin, owning a one-half interest in such partnership and properties, and the defendant, C. L. Thompson, owning a one-half interest therein; and they then and there agreed that any and all such properties acquired

by either of said parties during the continuance of such association should belong to said partnership and be owned by all of said parties in the foregoing proportions regardless of whose name the title should be acquired in. That said association continued during the whole of the year 1932 and as to the properties so acquired during such time, which are hereinafter described, it still continues.

"That during said year 1932 there were acquired by said parties, under the arrangement aforesaid and subject thereto, the following properties. * * *

"Regardless of whether the term partnership is applied to the relation of the parties under the facts alleged above (and such are here again alleged and repeated) one-half of the interest acquired by the defendant Thompson in the properties herein described and referred to, were acquired by him in trust for the plaintiffs herein under the agreement above alleged to jointly acquire lands or an interest in land."

█ Under propositions 1 and 2 defendants assert the pleading is wholly insufficient to allege the formation of a valid partnership, "in that there are no allegations in said petition that they united or pooled their labor, property, money or skill, or either of them in said partnership;" and further, "the alleged agreement of the parties to use their best efforts and endeavor to acquire mineral interests is too vague and uncertain as a basis for the formation of a valid partnership agreement." According to the pleadings, the consideration for the alleged partnership enterprise and the acquisition of the properties involved consisted of their mutual promises to use their best efforts and endeavor to acquire same, and the performance of such promises. The word "endeavor" means "to exert physical and intellectual strength toward the attainment of an object; a systematic or continuous effort." Webster's New International Dictionary. The mutual promises of the parties to a joint adventure are a sufficient consideration to support their contract. Miller v. Walser, 42 Nev. 497, 181 P. 437, 441; 33 Cor.Jur. 848, § 20; 42 Tex.Jur. 609; James v. Fulcrod, 5 Tex. 512, 519, 55 Am.Dec. 743. The trial court did not err in overruling said exceptions. See, also, Allison v. Campbell, 117 Tex. 277, 298 S.W. 523, 1 S.W.2d 866; Rische v. Rische, 46 Tex.Civ.App. 23, 101 S.W. 849; Anderson v. Blair, 202 Ala. 209, 80 So. 31, 35; Goss v. Lanin, 170 Iowa 57, 152 N.W. 43; Hoge v. George, 27 Wyo. 423, 200 P. 96, 99, 18 A.L.R. 469.

█ Defendants' 3rd, 4th and 5th propositions are grounded upon a special exception that "there are no allegations sufficient to impress a trust in favor of plaintiffs" in and to any of the mineral interests acquired by Thompson. It is to be observed from the pleadings that the consideration for the agreement consisted of the mutual promises above discussed. It is further alleged that the interests here involved were acquired under said agreement or arrangement and subject thereto. If so, the mutual promises and their execution entered into the consideration at the time the properties were acquired. Their joint undertakings were to be confined to operations in mineral interests and restricted to an area known as the East Texas oil field. We need not determine if the petition alleges an express or an implied trust or a combination of both. Litigation arising out of similar joint adventure or partnership undertakings as we have here, have heretofore been recognized and sustained by our courts adversely to defendants' contention. James v. Fulcrod, supra; Gardner v. Randell, 70 Tex. 453, 7 S.W. 781; Miller v. Walser, supra; Hoge v. George, supra; Lanier v. Looney, Tex.Civ.App., 2 S.W.2d 347, 350; Grennan v. Forgeron, Tex.Civ.App., 101 S.W.2d 885; Smith v. Kendrick, Tex.Civ. App., 55 S.W.2d 598; Schultz v. Scott, Tex.Civ.App., 210 S.W. 830; Cassidy v. Hornor, 86 Okl. 220, 208 P. 775; Crutcher v. Sligar, Tex.Civ.App., 224 S.W. 227; Pershing v. Henry, Tex.Civ.App., 236 S. W. 213; Lind v. Webber, 36 Nev. 623, 134 P. 461, 50 L.R.A.,N.S., 1046, Ann.Cas. 1916A, 1202.

Special issue No. 1, answered "Yes" by the jury, reads: "Do you find from a preponderance of the evidence that the plaintiffs, W. D. Corbin and Martha A. Corbin, and the defendant, C. L. Thompson, entered into an agreement on or about January 1, 1932, whereby the plaintiffs, W. D. Corbin and Martha A. Corbin, and the defendant C. L. Thompson, would each use their best efforts and endeavor to acquire interests in oil and gas leases and mineral interests in the East Texas Field, and that during the continuance of such association all such properties acquired by either the plaintiffs or the defendant, C.

L. Thompson, should be owned one-half by the plaintiffs, W. D. Corbin and Martha A. Corbin, and one-half by the defendant, C. L. Thompson?"

In answer to special issue No. 2, the jury found that the plaintiffs "after said agreement was made used their best efforts and endeavor to acquire * * * mineral interests in the East Texas Field." In response to No. 3, the jury found that plaintiffs paid a part "of the expenses incurred by Thompson in acquiring * * * mineral interests during the year 1932." Special issues Nos. 4, 5, 6, 7 and 8 dealt with respective mineral interests which had been acquired in the name of R. W. Fair and C. L. Thompson. In response to each of these the jury found that defendant Thompson acquired his interest during the existence of the agreement between plaintiffs and defendant Thompson. As these findings are not attacked, no useful purpose will be served in detailing the conduct, various dealing, contacts, assertions and denials of plaintiffs and Thompson. This suit was filed in October 1933, and trial had in 1937. The oil runs and drilling expenses incident to the respective leasehold operations and costs and profits applicable to the various transactions from January, 1932, to date of trial were detailed in the accountings and audits furnished by litigants.

Based upon the foregoing findings of fact and computation of receipts and expenditures, the court found that plaintiffs were entitled to recover of Thompson $20,-462.42; decreed the mineral interest held in the name of plaintiffs and one-half of the mineral interests acquired in the name of C. L. Thompson and R. W. Fair to be the property and assets of the partnership of Corbin and Thompson; awarded plaintiffs a recovery of title to ½ of same, that is, a ½ interest in the properties held in the name of plaintiffs and ¼ of the interest in the properties acquired by Fair and Thompson as against Thompson and the Corporation. No debts were found to be due to any third party. The alleged partnership was dissolved. The decree provides for collection of the money award and the disposition and sale of the respective interest in the various holdings so as not to interfere with the operations of the Corporation.

■ No error is assigned in either brief or motion for new trial to support proposition No. 6. Propositions Nos. 7, 8 and 9 present certain abstract statements of what defendants conceive to be the law applicable to the case. Plaintiffs challenge the authority of the court to consider same. Propositions 7, 8 and 9 are not supported by any assignment of error, unless these be considered under the assigned error that the court refused to instruct the jury to return a verdict for the defendant Corporation. Under the holding in Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270, and Central Power & Light Co. v. Heder, Tex.Civ.App., 133 S.W.2d 795, this record will be reviewed for fundamental error, which will include the refusal of the court to instruct a verdict for the Corporation and, incidentally, the abstract statements of law presented in these propositions.

■■ It is to be observed that the suit was prosecuted against Thompson, and Fair & Thompson Corporation. This suit was not brought against any partnership of Fair and Thompson. The petition does not allege any such partnership ever existed. The decree dissolves no such partnership. None of the various provisions in the unusually lengthy decree are attacked. No proposition or assignment of error attacks any item of expense or expenditure considered by the court in awarding the money judgment. If this Corporation had pleaded that it was a purchaser for valuable consideration without notice, which it did not, such was not proven. There is no evidence that Thompson ever executed a deed or deeds which purported to convey the legal title or any interest in the properties here in controversy to the Corporation. No contention is made that such a deed was executed by him. There is no evidence that any certificates of stock were issued by the Corporation. 66 C.J. p. 1108. The charter of the Corporation did list as assets of the Corporation certain mineral interests by referring to certain leasehold acreage in certain surveys. Conceding the references therein stated to be sufficient to identify the property in controversy, the charter of the Corporation did not constitute a conveyance. Dawson v. McLeary, 87 Tex. 524, 29 S.W. 1044; Carothers v. Alexander, 74 Tex. 309, 12 S.W. 4. The "protection given to purchasers for valuable consideration without notice, extends only to cases where they have taken a conveyance, or, in other words, where they have purchased the legal title." York's Adm'r v. McNutt, 16

Tex. 13, 67 Am.Dec. 607; Nicholson v. C. C. Slaughter Co. Tex.Civ.App., 217 S.W. 716; Slaughter v. Coke County, 34 Tex. Civ.App. 598, 79 S.W. 863.

The submission of special issue No. 3 and the jury's finding thereon do not present fundamental error. The other findings will support the judgment.

The judgment of the trial court is affirmed.