Gordon MACKENZIE, Appellant,

v.

Jesse I. NEWTON, Appellee.

No. 13667.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 2, 1960.

Rehearing Denied Dec. 21, 1960.

J. R. Cade, Guy Bonham, San Antonio, for appellant.

W. W. Palmer, Jewell D. Lemons, San Antonio, for appellee.

MURRAY, Chief Justice.

This suit was instituted by Jesse I. Newton in the District Court of Bexar County, against Gordon Mackenzie, seeking to establish a partnership, or joint adventure, between himself and Mackenzie for the

purpose of engaging in the business of dealing in oil and gas leases and royalties, and further, that it was agreed that all properties so acquired would be owned equally between the parties and that all expenses incurred would likewise be borne equally by them. Specifically, plaintiff sought to recover a one-half interest in and to an overriding royalty of $\frac{1}{64}$ of $\frac{7}{8}$ of oil, gas and minerals produced from 469.557 acres of land in Zapata County, Texas, and fully described in the pleadings.

The trial was to a jury and based upon their answers judgment was rendered in favor of plaintiff. Gordon Mackenzie has prosecuted this appeal.

The first question submitted to the jury reads as follows:

"Question No. 1. Do you find from a preponderance of the evidence that Jesse I. Newton and Gordon Mackenzie entered into an agreement, whereby the plaintiff, Jesse I. Newton, and the defendant, Gordon Mackenzie, would each use their best efforts and endeavor to acquire interests in oil and gas leases and royalty interests in South Texas and elsewhere in the State of Texas, and that during the continuation of that association all of such properties acquired by either Jesse I. Newton or Gordon Mackenzie should be owned one-half by Jesse I. Newton and one-half by Gordon Mackenzie?"

That question was answered in the affirmative, and in answer to Questions Nos. 2 to 5, inclusive, the jury found as follows:

(2) Said agreement was made on or about February 1, 1957;

(3) After said agreement was made Jesse I. Newton used his best efforts and endeavors to acquire oil and gas leases and royalties in South Texas and elsewhere in the State of Texas.

(4) Jesse I. Newton paid and advanced money and expenses incurred by him and Gordon Mackenzie pursuant to said agreement.

(5) Gordon Mackenzie acquired the $\frac{1}{64}$ of $\frac{7}{8}$ overriding royalty interest in the Guerra lease, executed by the Abbey Drilling Company, for the mutual benefit of Jesse I. Newton and Gordon Mackenzie.

These findings by the jury were sufficient to support the judgment rendered.

Appellant's first and second specially requested issues read as follows:

"Do you find from a preponderance of the evidence that Gordon Mackenzie acquired a $\frac{1}{32}$nd of $\frac{7}{8}$ths overriding royalty interest in 184.55 acres of land, being a part of the Francisca Guerra et al., 469.557 acre tract, prior to February 1, 1957?

"Do you find from a preponderance of the evidence that the consideration for the conveyance to Gordon Mackenzie by the Abbey Drilling Company on July 26, 1957, of a $\frac{1}{64}$th of $\frac{7}{8}$ths overriding royalty interest in the 469.-557 acres Francisca Guerra et al., lease was in lieu of his $\frac{1}{32}$nd of $\frac{7}{8}$ths overriding royalty interest in 184.55 acres acquired prior to February 1, 1957, inquired about in Defendant's Requested Special Issue No. One?"

The trial court refused these issues and appellant assigns such action as reversible error. We overrule this contention. The first requested issue sought the submission of a matter that was undisputable. Mackenzie undisputedly acquired a $\frac{1}{32}$ of $\frac{7}{8}$ overriding royalty interest under an oil, gas and mineral lease dated March 29, 1947, executed by Francisca Guerra et al., as lessors, and E. A. Thompson as lessee, covering 184.577 acres of land, but the oil lease here involved is one dated March 28, 1957, between Guerra et al.,

lessors, and Abbey Drilling Co., lessee, covering 469.557 acres. It was not error to refuse to submit an undisputed fact to the jury. The second specially requested issue inquired whether the consideration for the $\frac{1}{64}$ of $\frac{7}{8}$ overriding royalty interest in the 469.557 acres conveyed to Gordon Mackenzie by Abbey Drilling Co., on July 26, 1957, was Mackenzie's former interest in the 184.577 acres. There was no evidence to support such an issue. The question was asked of Earl A. Thompson, but not answered because the court sustained an objection to the question. The court did not err in refusing these two specially requested issues.

■ Appellant next contends that the court erred in submitting to the jury issues Nos. 1 and 5. We do not agree. Issue No. 1 is in the same form as that found in Thompson v. Corbin, Tex.Civ.App., 137 S.W.2d 157. That case is on all fours with this case. Another case directly in point is Fitz-Gerald v. Hull, 150 Tex. 39, 237 S.W.2d 256. There was no error in submitting Issue No. 5. It was called for by the pleadings and the evidence.

■ Appellant contends that the Texas Securities Act, Art. 600a, now Art. 581, Vernon's Tex.Civ.Stats., requires that Mackenzie have a dealer's license before he could legally enter into an agreement to deal in oil and gas leases and royalties. Mackenzie represented to Newton that he was an attorney at law and therefore did not need a dealer's license in order to deal in the sale of oil and gas leases and royalties. He is now estopped to take advantage of his own failure to secure a dealer's license if such was necessary. We are of the opinion that Mackenzie did not need to have a dealer's license before he could enter into a contract of joint adventure with Newton to acquire oil leases and royalties for their joint ownership. Lewis v. Davis, 145 Tex. 468, 199 S.W.2d 146; Fitz-Gerald v. Hull, supra.

Appellant's other points are without merit and are overruled.

The judgment is affirmed.

## On Motion for Rehearing.

Appellant contends that we were in error in holding that the trial court did not err in refusing to give his specially requested Issue No. Two, on the ground that there was no evidence to support it. In support of this contention, Appellant makes the following statement:

"There is ample evidence to support the submission of said issue because the witness E. A. Thompson testified in substance that Gordon Mackenzie did nothing towards acquiring the lease in question, dated March 28, 1957, and Mr. Thompson further testified that Mr. Mackenzie paid no consideration for the assignment of the lease to him at the time of the assignment from Abbey Drilling Company to Gordon Mackenzie, dated July 26, 1957. He further testified that the consideration of the assignment of $\frac{1}{64}$th of $\frac{7}{8}$ths overriding royalty interest in the 469 acres (which was assigned by Abbey Drilling Company to Gordon Mackenzie) was an exchange of the $\frac{1}{32}$nd he had had all along under the 184 acres. He further testified that the $10.00 recited in the assignment was not paid and from 1947 up to and including the date of this transfer (July 27, 1957) there was no dispute with Mr. Mackenzie as to the overriding royalty interest in that land and he testified that he considered Mr. Mackenzie had a continuing interest and that he did not mean to exclude Mr. Mackenzie from the final lease with the Guerras in 1957. Furthermore, the assignment of interest from the Abbey Drilling Company to Gordon Mackenzie dated July 26, 1957, and upon which this lawsuit is based, was introduced in evidence and marked

Defendant's Exhibit N, and the final paragraph of said instrument sets out the true consideration, and reads as follows:

"'The assignee herein, Gordon MacKenzie, by acceptance and the recording of this instrument does hereby waive, quitclaim and release any claim or claims he might have had or asserted against the property herein, the rights of Abbey Drilling Company or E. A. (Earl A.) Thompson.' Furthermore, the Appellant, Gordon MacKenzie, testified that the consideration of the assignment from Abbey Drilling Company to him, as shown by defendant's Exhibit N, was the ⅟₃₂nd of ⅞ths under the 184 acres that he owned all the time but explained the ⅟₆₄th interest in the whole was given in lieu of the ⅟₃₂nd in the 184 acres that he owned all the time and that was the consideration."

When all of this oral testimony is considered in connection with the written instruments introduced in evidence, it conclusively appears that appellant at one time owned a ⅟₃₂nd of a ⅞ths overriding royalty in 184 acres of land, being a part of a larger tract of 469 acres. This ⅟₃₂ of a ⅞ overriding royalty was under a lease executed by Francisca Guerra et al., to E. A. Thompson on February 1, 1947, with a ten-year term. On February 1, 1957, the date upon which the lease would expire, Francisca Guerra et al., executed to Abbey Drilling Co., a new lease. Appellant's ⅟₃₂nd overriding interest terminated with the expiration of the old lease. On July 26, 1957, approximately six months after the date of the new lease, Abbey Drilling Co., executed an assignment to appellant of a ⅟₆₄th of ⅞ths overriding royalty in the 469 acres covered by the new lease. There is no instrument to show that appellant owned any royalty in the Guerra land from February 1, to July 26, 1957. The assignment recites a consideration of Ten Dollars and other valuable consideration, and further provides that appellant "by acceptance and the recording of this instrument does hereby waive, quitclaim and release any claim or claims he might have had or asserted against the property herein, the rights of Abbey Drilling Company or E. A. (Earl A.) Thompson." If the above evidence could be said to constitute some evidence to support an affirmative answer to appellant's requested Issue No. Two, we would still be of the opinion that the trial court did not err in refusing to give appellant's requested Issue No. Two, as it relates to an immaterial fact.

It makes no difference what consideration appellant paid for the assignment of July 26, 1957, because it was an overriding royalty under a new lease, and upon a different piece of land, in that it covered 469 acres instead of 184, and was for a ⅟₆₄th overriding royalty instead of a ⅟₃₂nd, and was between different parties, in that the lessee was Abbey Drilling Company, Louise Thompson sole owner, instead of E. A. Thompson. It was acquired by appellant after he had entered into the partnership agreement with appellee.

The question is not whether appellant paid cash or exchanged something he owned as a consideration for the assignment. It was an oil royalty acquired after the partnership or joint adventure was entered into, and was therefore owned equally by appellee and appellant. There was no error in refusing to submit appellant's specially requested Issue No. Two.

We have carefully considered appellant's motion for a rehearing and the same is in all things overruled.