OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

October 19, 2001

The Honorable Frank Madla
Chair, Committee on
   Intergovernmental Relations
Texas State Senate
P. O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0425

Re: Whether real property for which an original application for a first permit has been filed remains subject to the orders, regulations, ordinances, rules, expiration dates, or other requirements that were effective at the time of that filing although the property has been conveyed to a different owner (RQ-0386-JC)

Dear Senator Madla:

Section 245.002 of the Local Government Code locks in, for the duration of a real-property "project," the development regulations in effect when the original application for the first necessary permit is filed. *See* TEX. LOC. GOV'T CODE ANN. § 245.002(a), (b) (Vernon Supp. 2001); *see also Quick v. City of Austin*, 7 S.W.3d 109, 131 (Tex. 1998). Under the statutory definition of the term "project," it is irrelevant whether the owner who files the original application for the first permit retains the property for the duration of the project or conveys the property. *See* TEX. LOC. GOV'T CODE ANN. § 245.001(3) (Vernon Supp. 2001). You ask a question regarding a tract of land for which an owner has filed an original application for the first necessary permit.[1] If another person purchases that tract of land, you inquire, is the purchaser "entitled to the rights and benefits" that chapter 245 provides to the owner who filed the original application for the first permit, *see* Request Letter, note 1, at 1, and we thus understand you to ask whether the property remains subject to the development regulations in effect when the original application for the first permit was filed despite the conveyance. We conclude that the property remains subject to the development regulations in effect at the time the original application for the first permit was filed, but only if the project remains the same. Whether a project remains the same is a fact question, and this office cannot resolve it. *See, e.g.*, Tex. Att'y Gen. Op. Nos. JC-0032 (1999) at 4 (stating that question of fact is beyond purview of this office); JC-0027 (1999) at 3 (stating the questions of fact cannot be addressed in

---

[1]*See* Letter from Honorable Frank Madla, Chair, Committee on Intergovernmental Relations, Texas Senate, to Honorable John Cornyn, Texas Attorney General (May 24, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

attorney general opinion); JC-0020 (1999) at 2 (stating that investigation and resolution of fact questions cannot be done in opinion process).

Section 245.002 of the Local Government Code specifies that a real-property "project" will be subject to the development regulations in effect when the original application for the first permit required for the project is filed:

> (a) Each regulatory agency shall consider the approval, disapproval, or conditional approval of an application for a permit solely on the basis of any orders, regulations, ordinances, rules, expiration dates, or other properly adopted requirements in effect at the time the original application for the permit is filed.

> (b) If a series of permits is required for a project, the orders, regulations, ordinances, rules, expiration dates, or other properly adopted requirements in effect at the time the original application for the first permit in that series is filed shall be the sole basis for consideration of all subsequent permits required for the completion of the project. All permits required for the project are considered to be a single series of permits. Preliminary plans and related subdivision plats, site plans, and all other development permits for land covered by the preliminary plans or subdivision plats are considered collectively to be one series of permits for a project.

> . . . .

TEX. LOC. GOV'T CODE ANN. § 245.002(a), (b) (Vernon Supp. 2001). The terms "permit," "project," and "regulatory agency" are defined in section 245.001:

> (1) "Permit" means a license, certificate, approval, registration, consent, permit, or other form of authorization required by law, rule, regulation, order, or ordinance that a person must obtain to perform an action or initiate, continue, or complete a project for which the permit is sought.

> . . . .

> (3) "Project" means an endeavor over which a regulatory agency exerts its jurisdiction and for which one or more permits are required to initiate, continue, or complete the endeavor.

(4) "Regulatory agency" means the governing body of, or a bureau, department, division, board, commission, or other agency of, a political subdivision acting in its capacity of processing, approving, or issuing a permit.

*Id.* § 245.001. Chapter 245 applies only to a project "in progress on or commenced after September 1, 1997," *see id.* § 245.003, and certain permits and regulations are exempt from the chapter, *see id.* § 245.004. In addition, a regulatory agency may, by ordinance or regulation, place an expiration date on dormant projects, after which date the project would be subject to current development regulations. *See id.* § 245.005. We understand that the property about which you are concerned is not exempt from chapter 245 and is not dormant. *See generally* Request Letter, *supra* note 1.

With respect to property for which an original application for a first permit has been filed, the property is subject to the development regulations that are effective at the time of the filing (with the exceptions listed in chapter 245 of the Local Government Code) for the duration of the project regardless of any conveyances that may occur during the project. Nothing in chapter 245 suggests that the development regulations to which a property is subject, locked in at the time of filing the original application for the first permit, no longer apply to the property solely because the property has been conveyed to another owner. Section 245.002 facially directs that a property is, for the duration of a project, subject to the development regulations in effect when the original application for the first permit was filed, without mentioning the possibility of a conveyance. *Cf. Quick*, 7 S.W.3d at 131 (examining prior statute, which "provides that if a series of permits is for a project, the ordinances in effect at the time the original application for the first permit is filed shall be the sole basis for consideration of all subsequent permits required for the completion of a project"). Additionally, the term "project," as defined in section 245.001(3), does not indicate that a project is specific to a person or terminates each time the property is sold. *See* TEX. LOC. GOV'T CODE ANN. § 245.001(3) (Vernon Supp. 2001). A project is an "endeavor," *see id.*, which is commonly defined as "the action of endeavouring; effort, or pains, directed to attain an object." V OXFORD ENGLISH DICTIONARY 226 (2d ed. 1989); *see* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998) (requiring us to read statutory words and phrases in context and to construe them according to rules of grammar and common usage); *Thompson v. Corbin*, 137 S.W.2d 157, 159 (Tex. Civ. App.–Texarkana 1940, no writ) (defining verb "endeavor" as "to exert physical and intellectual strength toward the attainment of an object; a systematic or continuous effort") (quoting *Webster's New International Dictionary*).

Nevertheless, neither a purchaser nor an owner may alter a project without the possibility of a consequence. If a project is altered by a purchaser, for example, the development regulations are no longer locked in under chapter 245 and current development regulations apply. Whether a particular project has changed so as to lose the protections granted by chapter 245 is a question that must be resolved by the local regulatory agency with jurisdiction in the matter. The statute defines

"regulatory agency" as "the governing body of, or a bureau, department, division, board, commission, or other agency of, a political subdivision acting in its capacity of processing, approving, or issuing a permit." TEX. LOC. GOV'T CODE ANN. § 245.001(4) (Vernon Supp. 2001). Nothing in chapter 245 provides any other body jurisdiction to decide such a question. *Cf. id.* § 245.005 (authorizing regulatory agency to adopt rules placing expiration date on dormant projects). Furthermore, this agency cannot determine whether a project has changed, as the question cannot be resolved without considering fact questions. Fact questions are not amenable to the opinion process. *See, e.g.*, Tex. Att'y Gen. Op. Nos. JC-0032 (1999) at 4 (stating that question of fact is beyond purview of this office); JC-0027 (1999) at 3 (stating the questions of fact cannot be addressed in attorney general opinion); JC-0020 (1999) at 2 (stating that investigation and resolution of fact questions cannot be done in opinion process).

## S U M M A R Y

Under section 245.002 of the Local Government Code, property for which an original application for the first development permit has been filed remains subject to the orders, regulations, ordinances, rules, expiration dates, or other requirements that were effective at the time the application was filed for the duration of a project, regardless of any changes in ownership that may occur before the project is completed. *See* TEX. LOC. GOV'T CODE ANN. § 245.002(a), (b) (Vernon Supp. 2001). If a project changes, however, the project becomes subject to current development regulations. *See id.* § 245.001(3) (defining "project"). Whether a particular project has changed so as to lose the protections granted by chapter 245 is a question that must be resolved by the local regulatory agency with jurisdiction in the matter. *See id.* § 245.001(4) (defining "regulatory agency").

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee